Richard D. McCune (State Bar No. 132124)
rdm@mccunewright.com
David C. Wright (State Bar No. 177468)
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO, LLP**
3281 E. Guasti Road, Suite 100
Ontario, California 91761
Telephone:   (909) 557-1250
Facsimile:    (909) 557 1275

*Attorneys for Plaintiff Henk Meyers*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENK MEYERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHABET, INC., GOOGLE, LLC, GOOGLE PAYMENT CORP., and GOOGLE ARIZONA LLC,<br><br>Defendants. | Case No.: 2:21-CV-01767<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Violation of California's Unfair Competition Law<br>2) Breach of Contract<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. Plaintiff Henk Meyers ("Plaintiff") brings this lawsuit on behalf of himself and all others similarly situated against Alphabet, Inc., Google, LLC, Google Payment Corp. ("GPC"), and Google Arizona LLC ("GAZ") (collectively, "Google" or "Defendants"). Plaintiff brings this action because Google refuses to redeem Google Play gift cards in accordance with California law. Plaintiff seeks restitution, declaratory, and injunctive relief on behalf of himself and all others similarly situated. All allegations herein are based upon information and belief except those allegations pertaining to Plaintiff or counsel. Allegations pertaining to Plaintiff or counsel are based upon, *inter alia*, Plaintiff or counsel's personal knowledge, as well as Plaintiff or counsel's own investigation. Furthermore, each allegation alleged herein either has evidentiary support or is likely to have evidentiary support, after a reasonable opportunity for additional investigation or discovery.

2. Google Play is Google's software application (a/k/a "app") store, which allows users to download applications, electronic books, music, and the like to their mobile and computer devices. Google markets Google Play gift cards, which are redeemable towards one's Google Play balance. Google markets these gift cards as "easy to redeem[,]" "never [e]xpire[,]" and can be used to "easily manage" spending on Google Play content.

3. However, for many users, Google's assurances that its gift cards are easy to use rings hollow. This is because contrary to the Company's marketing, Google has erected barriers which can make card redemption difficult or even impossible.

4. Specifically, in certain instances, when a cardholder attempts to redeem their card, instead of easily being able to utilize the card's value to make a purchase, they are instead directed to fill out a form requesting detailed information about when and where the gift card was purchased, and required to supply receipts documenting that purchase. By requiring some Google Play card holders to complete a form and provide receipts, Defendants make redemption of such cards impossible. This is especially true when the

CLASS ACTION COMPLAINT
Case No.: 2:21-CV-01767

gift card was used as it is intended to be, as a gift. In such instances the recipient would have no way of knowing the details of the card's purchase. Moreover, even when gift card holders are able to overcome the obstacles presented by the form and supply all of the requested information, Google sometimes still refuses to redeem or provide refunds for gift cards.

5. It appears that Google's refusal to honor certain Google Play gift cards occurs because of an algorithm that Google uses to detect suspicious gift card activity and redemptions which snares *bona fide* Google Play gift card purchasers and holders in its wide net,[1] effectively invalidating otherwise valid gift cards. Plaintiff's experience is instructive: Plaintiff attempted to redeem lawfully purchased gift cards but instead of immediately being able to use the card's value, he was instead met with a questionnaire and demands for documentary evidence concerning his purchase. Then, even after complying with Google's requests, Plaintiff was refused redemption of the gift cards, leaving him with nothing except worthless plastic cards. Google's arbitrary barriers to redemption likely dissuaded many gift card holders from redeeming their cards, either because they lacked the information requested or found it too burdensome, and many of those that did comply with Google's demands, like Plaintiff, were still refused redemption of such cards, as evidenced by similar complaints lodged by other consumers. As a result of its practices, Google was able to pocket the funds spent on Google Play gift cards that should have been redeemable by these card holders.

6. Google's conduct runs afoul of California's law governing the redemption and expiration of gift cards. Under California's Gift Card Law, a gift card issuer like Google must ensure that its gift cards are "redeemable in cash for its value, or subject to replacement with a new gift [card] at no cost to the purchaser or holder." Cal. Civ. Code § 1749.5(b). Additionally, the statute makes it unlawful to sell a gift card with an expiration

---

[1] As used herein, "purchaser" refers to consumers who purchased Google Play gift cards themselves. "Holders" refers generally to those who were the recipients of these gift cards and subsequently possessed these gift cards.

2
CLASS ACTION COMPLAINT
Case No.: 2:21-CV-01767

date and that gift cards "are valid until redeemed or replaced." Cal. Civ. Code § 1749.5(c). By barring redemption of these otherwise valid gift cards, Google has violated California's Gift Card Law. In turn, this violation is actionable as a standalone cause of action under the unlawful and unfair prongs of California's Unfair Competition Law, Bus. & Prof. Code § 17200 (the "UCL").

7. Additionally, Google's terms and conditions governing these gift cards incorporate California's Gift Card Law requiring redemption of these cards. Consequently, Defendants' violation of California's Gift Card Law also serves as a material breach of contract.

8. On behalf of himself and all others similarly situated, Plaintiff thus seeks restitution of the value of his Google Play gift cards within the statute of limitations period and a public injunction to enjoin Defendants from harming the general public by requiring Google to refund or redeem Google Play gift cards for valid and *bona fide* gift card holders and purchasers.

**II. PARTIES**

9. Plaintiff Henk Meyers is a resident of California. Plaintiff purchased the following Google Play gift cards: (1) a $50 gift card on October 26, 2020; and (2) a $10 gift card on November 10, 2020.

10. Defendant Alphabet, Inc. is incorporated in Delaware and maintains its principal place of business in Mountain View, California. Alphabet, Inc. is the parent company of Google, LLC and several Google subsidiaries, and trades on NASDAQ under the ticker symbol "GOOGL."

11. Defendant Google, LLC is incorporated in Delaware and maintains its principal place of business in Mountain View, California. Google, LLC is a subsidiary of Alphabet, Inc., and, *inter alia*, markets and sells digital media such as music, magazines, books, movies and television programs in its online store, Google Play.

12. Defendant GPC is incorporated in Delaware and maintains its principal place of business in Mountain View, California. GPC is a wholly owned subsidiary of Google

3

and maintains consumers' redeemed Google Play gift cards through GPC's Google Play balance. GPC maintains the Google Play balances of users, including the balance attributable to redeemed Google Play gift cards.

13. Defendant GAZ is incorporated in Arizona and maintains its principal place of business in Delaware. GAZ issues the Google Play gift cards.

14. There exists, and at all times herein mentioned existed, a unity of interest and ownership between the named Defendants such that any corporate individuality and separateness between the named defendants has ceased, and that the named defendants are *alter egos* in that they effectively operate as a single enterprise, or are mere instrumentalities of one another.

15. At all material times herein, each defendant was the agent, servant, co-conspirator, and/or employer of each of the remaining defendants; acted within the purpose, scope, and course of said agency, service, conspiracy, and/or employment and with the express and/or implied knowledge, permission, and consent of the remaining defendants; and ratified and approved the acts of the other defendants. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

16. Whenever reference is made in this Complaint to any act, deed, or conduct of a defendant, the allegation means that the defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of defendant's ordinary business and affairs.

17. As to the conduct alleged herein, each act was authorized, ratified, or directed by Defendants' officers, directors, or managing agents.

## III. JURISDICTION AND VENUE

18. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of

$5,000,000 and is a class action in which at least one Class Member is a citizen of a state different from the citizenship of Defendants.

19. Venue is proper in this District because Defendants transact business; Plaintiff and similarly situated persons entered contracts with Defendants; and Defendants executed their unlawful policies and practices, which are the subject of this action, in this District.

## IV. SUBSTANTIVE ALLEGATIONS

### A. California's Gift Card Law

20. Recognizing that companies were amassing large windfalls while consumers were left with valueless expired gift cards, California passed the Gift Card Law in 1996 to ensure that companies did not unfairly profit from gift cards at consumers' expense.

21. Specifically, when passing the Gift Card Law and its various amendments, the California Legislature recognized that "gift certificates ought to retain all the characteristics of cash itself and remain valid in perpetuity, assuming the continued existence in business of the retailer who issued the gift certificate" California Bill Analysis, A.B. 2466 Sen., 7/16/1996. "[E]xpired gift certificates dash the expectation of gift-givers and constitute an unfair windfall to retailers." California Bill Analysis, A.B. 2466 Sen., 6/11/1996. Indeed, "[t]he retailer has already received payment for the value of the certificate." *Id*. And this windfall from consumers is significant: "$8.2 billion of value left on gift cards was not spent by consumers in 2006 alone." California Bill Analysis, S.B. 250 Assem., 6/26/2007.

22. Consequently, the Gift Card Law provides, "A gift certificate[,]" *i.e.*, gift card, Cal. Civ. Code § 1749.45(a), "sold without an expiration date is valid until redeemed or replaced." Cal. Civ. Code § 1749.5(c). The statute also makes clear that redemption must be "in cash for [the card's] cash value," or that the card be subject to replacement with a new gift certificate at no cost to the purchaser or holder. Cal. Civ. Code § 1749.5(b). Related to this provision, it is unlawful to "sell a gift certificate to a purchaser that contains . . . [a]n expiration date." Cal. Civ. Code § 1749.5(a)(1). Moreover, "[a]ny

5

waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." Cal. Civ. Code § 1749.51.

### B. Defendants' Gift Card Practices

23. Google Play is an electronic application (or "app") store that markets games, music, magazines, books, movies, and television programs. To purchase content on Google Play, Google Play gift card holders are required to have a Google Pay account. The Google Pay account is a mobile payment system developed by Google that allows users to store forms of payment such as credit cards, debit cards and gift cards. Google Play is lucrative for Defendants, generating approximately $17.3 billion in the first half of 2020 alone. SensorTower, *Global App Revenue Reached $50 Billion in the First Half of 2020, Up 23% Year-Over-Year*, https://sensortower.com/blog/app-revenue-and-downloads-1h-2020 (June 30, 2020).

24. As part of the Google Play service, Google sells and markets gift cards to users in over 875,000 retail locations. Google Play, *How Google Play Works: 2019 Google Play Public Policy Report* (2019).[2] Google Play gift cards can only be used to purchase items on Google Play only. Google touts that these gift cards are "easy to redeem" and "never [e]xpire[.]" Google Play, *One gift. Endless ways to play.*, https://play.google.com/intl/en_us/about/giftcards/ (last visited Jan. 21, 2021). Google also touts that its gift cards allow Google Play users to "easily manage" their spending on Google Play content. *Id.* Indeed, many users buy gift cards for themselves, especially millennial consumers, for that exact reason. *See* Yahoo! Finance, *Here's Why Millennials Are Buying Gift Cards for Themselves*, https://finance.yahoo.com/news/heres-why-millennials-buying-gift-113000203.html (Sept. 2, 2016) ("Young adults continue to lead this mobile revolution and growing use of prepaid cards as a money management tool.").

---

[2] *Available at* https://kstatic.googleusercontent.com/files/de5640816a4d4099f246b64864c038fee1eac9a9e944b3f31e993e9a315d9f49aa813f27b92be0fe1070f52975476b8fa15529cc2ec314bebcde73f91331f77e.

25. Google Play gift cards direct holders and purchasers to the following webpage for its terms and conditions: play.google.com/us-card-terms.  Under the terms and conditions of the Google Play gift cards, the gift cards have no "expiration dates" and can only be redeemed with Google Play.  Google Play, *Google Pay Gift Card® And Prepaid Play Balance Terms Of Service* (May 1, 2019).  Moreover, "except as required by law[,]" the gift cards are not redeemable for cash.  The terms and conditions explicitly state that "the laws of the State of California apply, without regard to principles of conflict of laws, and that such laws will govern these Gift Card and Credit terms and conditions."  These provisions expressly incorporate by reference California law which requires that gift cards be redeemable in cash or subject to replacement with an equivalent card.

**C.     By Employing An Algorithm That Invalidates Valid Gift Cards, Defendants Have Violated California's Gift Card Law**

26. On information and belief, Google employs an algorithm that flags certain gift cards redemptions, requiring the card holder to fill out the form depicted below for more information:

> ⚠ Give feedback about this article
>
> * Required field
>
> Please include a clear copy of
> (1) Front and back images of your gift cards
> (2) Receipt for the gift card *
>
> ○ Upload documents now
>
> Store name where your gift cards were purchased.
> *
> [                    ]
>
> Gift Card Redemption Code *
> [                    ]
> Add additional
>
> City where your gift cards were purchased.
> *
> [                    ]
>
> Add your phone number so we can contact you.
> *
> [ United States (+1) ▼ ] [           ]
>
> [ Submit ]
>
> Some account and system information will be sent to Google, and support calls and chats may be recorded. We will use this information to improve support quality and training, to help address technical issues, and to improve our products and services, subject to our Privacy Policy and Terms of Service.

As depicted above, this form seeks a plethora of information including where the gift cards were purchased as well as images of the gift card and receipts for their purchase. This form and demand for documentary evidence is a far cry from the "easy" redemption process promised by Google. Rather, these additional hurdles make it much more difficult for the gift card to be redeemed. If the card were received as a gift, as is the ostensible purpose of the card, the typical holder would not have access to the information needed to

fill out the form. In such cases, faced with a burdensome questionnaire and documentation demands, card holders may abandon the effort to use the card.

27. Moreover, many cardholders who complied with Google's demands to produce receipts and other documentary evidence, were still denied the ability to redeem their gift cards. For example, even after completing the attached form and supplying Google with his receipts, Plaintiff received the following message, "Thank you for your patience while we reviewed your account. We have noticed some inconsistencies with your account and the information you provided us; because of this we are unable to help you redeem these gift cards."

28. Likewise, other card holders who filled out the form suffered a similar fate, either receiving a similar denial message or no explanation for Google's refusal to redeem the cards at all. *See, e.g.*, Support.google.com, https://support.google.com/googleplay/thread/13484237?hl=en (last visited Jan. 19, 2021); Support.google.com, https://support.google.com/googleplay/thread/12417031?hl=en (last visited Feb. 9, 2021) (single thread listing hundreds of posts regarding redemption issue). Users complained, for example:

- "Spent $110 on a google play gift card at a grocery store and the play store is asking for more info to redeem my gift card. I filled out a form, talked to 'support' who tells me 'an investigation team has to look into it'. I filled out the form 2 days 16 hours ago and not one response from anyone. This is not how I should be treated."
- "24 hours later after submitting images of my gift card and paid receipt to Google I still can't redeem the value of the card. This is unacceptable."
- "Same situation with a gift card from my girlfriend, by the sounds of it, I should just ask her to return it and ask for a refund."
- "Message says it needs more info in order to redeem gift card. I did all the steps required and it's been 3 days and still no response."

*See also* Support.google.com,

9

https://support.google.com/googleplay/thread/9345224?hl=en (last visited Feb. 9, 2021) ("I have recently purchased 6 google play cards totaling 350.00$. none of them worked. I was told it was a security issue and they were investigating. I submitted receipts, photos of the cards and my id 5 days ago[.] They still can[,]t tell me what the problem is or when they will LET me spend MY money."); Support.google.com, https://support.google.com/googleplay/thread/63513792?hl=en  (last visited Feb. 9, 2021) ("Bought card says invalid and contacted Google about it only to get told that 'my account has inconsistencies and they can't help me.' The store won't take it back. I'm not happy. Basically, wasted a bunch of money for nothing and Google will not help fix the issue.").

29. By refusing to allow redemption of the inappropriately flagged cards, Google ensured that the cards were worthless. In Plaintiff's case, after he was refused redemption of his gift cards, he contacted Google to ask if he could get his gift cards refunded. A Google representative denied his request. Ultimately, this left Plaintiff and other *bona fide* purchasers and holders with defunct cards while Google unjustifiably retains the money spent on these gift cards.

30. The failure to redeem or refund gift cards to *bona fide* gift card purchasers and holders runs counter to California's Gift Card Law which requires all cards without expiration dates—*e.g.*, Google Play gift cards—to be "valid until redeemed or replaced." Cal. Civ. Code § 1749.5(c). Additionally, by failing to redeem, refund, or replace gift cards to Plaintiff and the Class, Defendants have also violated the provision of California's Gift Card Law requiring all gift cards sold after January 1, 1997 to be "*redeemable in cash for its cash value*" or "subject to replacement with a new gift [card] at no cost to the purchaser or holder." Cal. Civ. Code § 1749.5(b).

## V. CLASS ACTION ALLEGATIONS

31. The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

32. Plaintiff brings this case, and each of the respective causes of action, as a class action.

33. The "Class" is composed of one of the following:

> All *bona fide* Google Play gift card purchasers and holders who were required to submit extraneous data to redeem a GooglePlay gift card, including users who were denied redemption of the gift cards.

34. Excluded from the Class are: 1) any entity in which Defendants have a controlling interest; 2) officers or directors of Defendants; 3) this Court and any of its employees assigned to work on the case; and 4) all employees of the law firms representing Plaintiff and the Class Members.

35. This action has been brought and may be properly maintained on behalf of each member of the Class pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

36. **Numerosity** – The members of the Class ("Class Members") are so numerous that joinder of all Class Members would be impracticable. While the exact number of Class Members is presently unknown to Plaintiff, and can only be determined through appropriate discovery, Plaintiff believes based on the plethora of online complaints that the Class is numerous.

37. Upon information and belief, Defendants have databases, and/or other documentation, of consumers' redemption attempts. These databases and/or documents can be analyzed by an expert to ascertain which of Defendants' gift card holders and purchasers have been harmed by Defendants' practices and thus qualify as a Class Member. Further, the Class definitions identify groups of unnamed plaintiffs by describing a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover. Other than by direct notice through mail or email, alternative proper and sufficient notice of this action may be provided to the Class Members through notice published in newspapers or other publications.

38. **Commonality** – This action involves common questions of law and fact. The questions of law and fact common to both Plaintiff and the Class Members include, but are not limited to, the following:

- Whether Defendants' required gift card holders to submit additional information

11
CLASS ACTION COMPLAINT
Case No.: 2:21-CV-01767

to redeem gift cards which created a significant obstacle to redemption of the cards that were supposed to be easily redeemable;

- Whether Defendants denied Plaintiff and other Class Members an opportunity to redeem their gift cards;
- Whether Google employed an algorithm that flagged *bona fide* gift card purchasers and holders as suspicious;
- Whether, in doing so, Defendants violated California's Gift Card Law and, consequently, the UCL;
- Whether Defendants breached the terms and conditions by refusing to redeem gift cards as required by California Law; and
- Whether Defendants continue to violate the UCL by refusing to redeem, refund, or replace gift cards held by *bona fide* consumers.

39. **Typicality** – Plaintiff's claims are typical of all Class Members. The evidence and the legal theories regarding Defendants' alleged wrongful conduct committed against Plaintiff and all of the Class Members are substantially the same because the algorithm used by the Defendants affects all of the Class Members. Further, Plaintiff and the Class Members have each been denied redemption of their gift cards. Accordingly, in pursuing his own self-interest in litigating his claims, Plaintiff will also serve the interests of the other Class Members.

40. **Adequacy** – Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained competent counsel experienced in class action litigation, and specifically consumer class action cases to ensure such protection. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Plaintiff and his counsel intend to prosecute this action vigorously.

41. **Predominance and Superiority** – The matter is properly maintained as a class action because the common questions of law or fact identified herein and to be identified through discovery predominate over questions that may affect only individual

12

Class Members. Further, the class action is superior to all other available methods for the fair and efficient adjudication of this matter. Because the injuries suffered by the individual Class Members are relatively small compared to the cost of the litigation, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and Class Members to individually seek redress for Defendants' wrongful conduct. Even if any individual person or group(s) of Class Members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a single court. In contrast, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party (or parties) opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Plaintiff and the Class Members will continue to suffer losses, thereby allowing Defendants' violations of law to proceed without remedy and allowing Defendants to retain the proceeds of their ill-gotten gains.

42. Plaintiff does not believe that any other Class Members' interests in individually controlling a separate action are significant, in that Plaintiff has demonstrated above that his claims are typical of the other Class Members and that he will adequately represent the Class. This particular forum is desirable for this litigation because the claims arose from activities that occurred largely therein. Plaintiff does not foresee significant difficulties in managing the class action in that the major issues in dispute are susceptible to class proof.

43. Plaintiff anticipates the issuance of notice, setting forth the subject and nature of the instant action, to the proposed Class Members. Upon information and belief, Defendants' own business records and/or electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiff anticipates using additional media and/or mailings.

44. This matter is properly maintained as a class action pursuant to Fed. R. Civ. P. 23 in that without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

- inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or
- adjudication with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

45. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

- the interests of the members of the Class in individually controlling the prosecution or defense of separate actions;
- the extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;
- the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the difficulties likely to be encountered in the management of a class action.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of the UCL, Cal. Bus. & Prof. Code § 17200 Against All Defendants)**

46. The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

47. Defendants' conduct described herein violates California's UCL, Bus. & Prof. Code § 17200, *et seq*. The UCL prohibits and provides civil remedies for unlawful and unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits claims under any of these three prongs. Here, Defendants' conduct violates the independent unlawful and unfair prongs.

48. The UCL expressly provides for injunctive relief, and contains provisions denoting its public purpose. A claim for injunctive relief under the UCL is brought by a plaintiff acting in the capacity of a private attorney general. Although the private litigant controls the litigation of an unfair competition claim, he or she is not entitled to recover compensatory damages for his or her own benefit, but only disgorgement of profits made by the defendant through unfair competition in violation of the statutory scheme, or restitution to victims of the unfair competition.

49. The UCL's unlawful prong permits violations of other laws to serve as the basis of an independently actionable unfair competition claim. As alleged herein, Defendants' conduct violates the unlawful prong of the UCL because Defendants' practice of denying redemptions to *bona fide* Google Play gift card holders and purchasers violates California's Gift Card Law. Specifically, California's Gift Card Law requires "gift certificates," which includes "gift cards," Cal. Civ. Code § 1749.45, to be "redeemable in cash for its value, or subject to replacement with a new gift [card] at no cost to the purchaser *or* holder." Additionally, the statute makes it unlawful to sell a gift card with an

expiration date *and* that such cards "*are valid until redeemed or replaced*." Cal. Civ. Code § 1749.5(c).

50. By outright refusing to redeem legitimately obtained cards, Defendants are violating California law that requires gift cards to be valid until redeemed or replaced. In other words, Google's refusal to redeem the card invalidates an otherwise valid gift card which is against Cal. Civ. Code § 1749.5(c). In turn, this serves as a predicate for a violation of the UCL's unlawful prong.

51. Under the unfair prong, the UCL also includes within its scope acts and practices not specifically proscribed by any other law. Defendants' conduct with respect to the refusal to redeem gift cards held by *bona fide* gift card holders is unfair because: (1) it offends the legislative intent underpinning passage of the Gift Card Law, which presumes the validity of gift cards, by forcing *bona fide* gift card holders to forfeit the unused value of their gift cards; and/or (2) on balance, Defendants' practice substantially injures consumers by rendering their gift cards valueless while Defendants retain the benefits of these gift cards and such injury is not reasonably avoidable nor outweighed by any countervailing benefits to the consumer.

52. Accordingly, Defendants have violated the UCL. As a direct and proximate result of Defendant's violations of the UCL, Plaintiff and Class Members have paid for or have been gifted Google's unusable gift cards while Defendants have received, or will receive, income, profits, and other benefits, which they would not have received if they had not engaged in the violations of Section 17200 described in this Complaint. Consequently, Plaintiff and the Class thus ask this Court to issue an injunction preventing Defendants from continuing their violative practices *vis-à-vis* Plaintiff, the Class, and future customers, and to award Plaintiff and the Class equitable relief, restitution, civil penalties, punitive damages, attorney fees, consequential damages, and all other damages available at law.

53. Further, absent injunctive relief forcing Defendants to disgorge themselves of their ill-gotten gains and public injunctive relief prohibiting Defendants from refusing to refund or redeem the gift cards at issue in this action in the future and, Plaintiff and other existing members, and the general public, will suffer from and be exposed to Defendants' conduct violative of the UCL.

54. Plaintiff requests that he be awarded all other relief as may be available by law, pursuant to California Business & Professions Code § 17203, including an order of this court compelling Defendants to cease all future unlawful and unfair business practices related to its overdraft practices.

## SECOND CAUSE OF ACTION

**(Breach of Contract as Against All Defendants)**

55. The preceding allegations are incorporated by reference and re-alleged as if fully set forth herein.

56. Google Play gift card's terms and conditions contractually obligated Defendants to redeem Plaintiff's gift cards. Given that the terms and conditions state that gift cards are not redeemable "*except as required by law*," Google's terms and conditions incorporate California's statutory requirements that gift cards be redeemable for cash. Specifically, the following terms of the contract incorporated the relevant provisions of California's Gift Card law: (1) "The Gift Card or Credit is not redeemable for cash or other cards, is not reloadable or refundable, cannot be combined by you with other non-Google Play balances in your Google Payments account, and cannot be resold, exchanged or transferred for value, *except as required by law*[;]" and (2) "[*T*]*he laws of the State of California apply*, without regard to principles of conflict of laws, and *that such laws will govern these Gift Card and Credit terms and conditions*."

57. These terms and conditions benefit all *bona fide* gift card purchasers and recipients, as the terms and conditions contemplate privity with purchasers such as Plaintiff. Additionally, to the extent that members of the class are *bona fide* gift card

17

CLASS ACTION COMPLAINT
Case No.: 2:21-CV-01767

recipients, these terms and conditions inure to those holders under a third-party beneficiary theory.

58. As alleged herein, Defendants violated California's Gift Card Law by failing to redeem gift cards held in good faith. *Supra*, ¶¶46-54. Thus, Defendants are in material breach of the terms and conditions incorporating California's Gift Card Law, depriving Plaintiff of the benefit of his bargain.

59. As a consequence of Defendants' breach, Plaintiffs and other similarly situated members of the Class have suffered direct and consequential damages to be determined in accordance with proof at the time of trial, for which Defendants are liable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for judgment as follows:

1. For an order certifying this action as a class action;
2. For compensatory damages on all applicable claims and in an amount to be proven at trial;
3. For an order requiring Defendants to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate;
4. For statutory damages;
5. For punitive damages;
6. For restitution;
7. For civil penalties;
8. For an order enjoining Defendants from continuing the wrongful conduct alleged herein;
9. For costs;
10. For pre-judgment and post-judgment interest as provided by law;
11. For attorneys' fees under the common fund doctrine, and all other applicable law; and

12. For such other relief as the Court deems just and proper.

Dated: February 25, 2021              By:  */s/ Richard D. McCune*
                                                  Richard D. McCune, CA Bar No. 132124
                                                  rdm@mccunewright.com
                                                  David C. Wright, Esq., CA Bar No. 177468
                                                  dcw@mccunewright.com
                                                  **McCune Wright Arevalo, LLP**
                                                  3281 East Guasti Road, Suite 100
                                                  Ontario, CA 91761
                                                  Telephone: (909) 557-1250
                                                  Facsimile:  (909) 557-1275

                                                  *Attorneys for Plaintiff Henk Meyers,*
                                                  *and the Putative Class*

## DEMAND FOR JURY TRIAL

Plaintiff and the Class demand a trial by jury on all issues so triable.

Dated: February 25, 2021              */s/ Richard D. McCune*
                                                Richard D. McCune, CA Bar No. 132124