Richard D. McCune (State Bar No. 132124)
rdm@mccunewright.com
David C. Wright (State Bar No. 177468)
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO, LLP**
3281 E. Guasti Road, Suite 100
Ontario, California 91761
Telephone:   (909) 557-1250
Facsimile:    (909) 557 1275

[Additional counsel listed in signature block]

*Attorneys for Henk Meyers and Glenn Ginoza*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henk Meyers and Glenn Ginoza, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHABET, INC., GOOGLE, LLC, GOOGLE PAYMENT CORP., and GOOGLE ARIZONA LLC,<br><br>Defendants. | Case No. 2:21-cv-01767-FMO-MAA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, TRANSFER VENUE, AND/OR STRIKE CLASS ALLEGATIONS**<br><br>Date:  August 5, 2021<br><br>Time:  1:00 p.m.<br><br>Dept:   Courtroom 6D, 6th Floor<br><br>Judge:  Hon. Fernando M. Olguin<br><br>Amended Complaint Filed: May 12, 2021 |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 4

LEGAL STANDARDS ........................................................................................... 6

ARGUMENT ........................................................................................................... 6

I.   PLAINTIFFS' CHOICE OF VENUE CONTROLS ........................................... 6

    A.   The Factors Under 28 U.S.C. § 1404(a) Weigh In Plaintiffs' Favor ............ 6

    B.   Plaintiffs Did Not Assent To The Forum Selection Clause At Issue Here ... 8

    C.   Alternatively, The Forum Selection Clause Is Unconscionable ................. 11

    D.   In Any Event, Dismissal Is Not The Proper Remedy Under A Motion To Transfer ...................................................................................................... 11

II.  PLAINTIFFS' CLAIMS ARE ADEQUATELY PLED ...................................... 12

    A.   Plaintiffs' UCL Claims Are Adequately Pled ............................................ 12

        1.   Plaintiffs Have Adequately Pled Claims Under The UCL's "Unlawful" Prong ................................................................................ 12

        2.   Plaintiffs Have Adequately Pled Claims Under The UCL's "Unfair" Prong ...................................................................................... 15

        3.   Plaintiffs Have Adequately Pled Claims Under The UCL's "Fraudulent" Prong ........................................................................... 17

        4.   Dismissal Under the *Sonner* Doctrine Is Premature at this Juncture   18

    B.   Plaintiffs' Breach of Contract Claims are Adequately Pled ...................... 20

    C.   Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claims Are Adequately Pled ..................................................................... 22

III. PLAINTIFFS' CLASS ACTION ALLEGATIONS SHOULD NOT BE STRICKEN ...................................................................................................... 23

IV.  ALTERNATIVELY, AMENDMENT SHOULD BE PERMITTED .................... 25

CONCLUSION ...................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**                                                             **Page(s)**

*Am. W. Door & Trim v. Arch Specialty Ins. Co.*,
2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ................................................. 24

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
24 Cal.4th 83 (2000) ........................................................................................ 11

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49 (2013) ..................................................................................... 8, 12

*Bates v. Bankers Life & Cas. Co.*,
993 F. Supp. 2d 1318 (D. Or. 2014) ............................................................... 25

*Beyer v. Symantec Corp.*,
333 F. Supp. 3d 966 (N.D. Cal. 2018) ........................................................... 18

*Boschma v. Home Loan Ctr., Inc.*,
198 Cal. App. 4th 230 (2011) ......................................................................... 18

*Brazil v. Dell Inc.*,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) .......................................................... 25

*Bureerong v. Uvawas*,
922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................... 24

*California Cap. Ins. Co. v. Maiden Reinsurance N. Am., Inc.*,
472 F. Supp. 3d 754 (C.D. Cal. 2020) ............................................................ 24

*Cappello v. Walmart Inc.*,
394 F.Supp.3d 1015 (N.D. Cal. 2019) ............................................................ 16

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371, 272 Cal. Rptr. 387 (Ct. App. 1990), *as modified on denial of reh'g* ............................................................................................................. 23

*Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*,
2 Cal. 4th 342 (1992) ...................................................................................... 22

*Cel-Tech Commc'n., Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal.4th 163 (1999) ......................................................................... 12, 16, 17

*Centon Elecs., Inc. v. Target Corp.*,
2009 WL 10674428 (C.D. Cal. June 18, 2009) ................................................ 9

*Commodity Futures Trading Comm'n v. Savage*,
611 F.2d 270 (9th Cir. 1979) ................................................ 6

*Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*,
776 F. Supp. 2d 1029 (N.D. Cal. 2011) ................................................ 17

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
61 F.3d 696 (9th Cir. 1995) ................................................ 11

*DePuy Synthes Sales Inc. v. Stryker Corp.*,
2019 WL 1601384 (C.D. Cal. Feb. 5, 2019) ................................................ 7

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
713 F.3d 502 (9th Cir. 2013) ................................................ 15

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ................................................ 25

*Feldman v. Google, Inc.*,
513 F. Supp. 2d 229 (E.D. Pa. 2007) ................................................ 10

*Fitz v. NCR Corp.*,
118 Cal. App. 4th 702 (2004) ................................................ 11

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) ................................................ 25

*Grayson O Co. v. Agadir Int'l LLC*,
856 F.3d 307 (4th Cir. 2017) ................................................ 17

*Greater Yellowstone Coal. v. Bosworth*,
180 F. Supp. 2d 124 (D.D.C. 2001) ................................................ 10

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) ................................................ 10

*Hendrix v. Disc. Gold Brokers, Inc.*,
2014 WL 12691620 (C.D. Cal. July 21, 2014) ................................................ 21

*In re Adobe Systems, Inc. Privacy Litigation*,
    66 F.Supp.3d 1197 (N.D. Cal. 2014)........................................................... 16

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    497 F. Supp. 3d 552 (N.D. Cal. 2020).......................................................... 20

*In re Wal–Mart Stores, Inc.*,
    505 F.Supp.2d 609 (N.D. Cal. 2007)............................................................ 24

*In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*,
    893 F. Supp. 2d 1058 (D. Nev. 2012)........................................................... 10

*Indep. Towers of Wash. v. Wash.*,
    350 F.3d 925 (9th Cir. 2003) ....................................................................... 17

*Integritymessageboards.com v. Facebook, Inc.*,
    2020 WL 6544411 (C.D. Cal. Nov. 6, 2020) ............................................... 20

*IV Sols. Inc. v. United Healthcare Servs. Inc.*,
    2012 WL 12894001 (C.D. Cal. Oct. 19, 2012) .............................................. 6

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ......................................................................... 7

*Jordan v. Paul Financial, LLC*,
    285 F.R.D. 435 (N.D. Cal. 2012)................................................................... 17

*Kazemi v. Payless Shoesource Inc.*, No. C,
    2010 WL 963225 (N.D. Cal. Mar. 16, 2010) ............................................... 24

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ....................................................................... 15

*Khorrami v. Lexmark Int'l Inc.*,
    2007 WL 8031909 (C.D. Cal. Sept. 13, 2007) ............................................. 24

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal.4th 1342, 1376 (2012) (2012) ........................................................ 16

*Knevelbaard Dairies v. Kraft Foods, Inc.*,
    232 F.3d 979 (9th Cir. 2000) ......................................................................... 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................................................ 15

*L.A. Mem'l Coliseum v. NFL*,
  89 F.R.D. 497 (C.D. Cal. 1981) ....................................................................... 7

*Long v. Provide Com., Inc.*,
  245 Cal. App. 4th 855 (2016) .......................................................................... 9

*Mercury Cas. Co. v. Scottsdale Indem. Co.*,
  156 Cal. App. 4th 1212, 68 Cal. Rptr. 3d 123 (2007) .................................... 21

*Mier v. CVS Pharm., Inc.*,
  2021 WL 1559367 (C.D. Cal. Mar. 22, 2021) ................................................ 20

*Milliner v. Bock Evans Fin. Couns., Ltd.*,
  114 F. Supp. 3d 871 (N.D. Cal. 2015) ............................................................ 11

*Moran v. Prime Healthcare Mgmt., Inc.*,
  3 Cal.App.5th 1131 (2016) .............................................................................. 16

*Morgan v. AT & T Wireless Servs., Inc.*,
  177 Cal.App.4th 1235 (2009) .......................................................................... 18

*Nagrampa v. MailCoups, Inc.*,
  469 F.3d 1257 (9th Cir. 2006) ......................................................................... 11

*Nguyen v. Barnes & Noble Inc.*,
  763 F.3d 1171 (9th Cir. 2014) ........................................................................... 9

*OptoLum, Inc. v. Cree, Inc.*,
  244 F. Supp. 3d 1005 (D. Ariz. 2017) .............................................................. 7

*Partti v. Palo Alto Med. Found. for Health Care, Rsch. & Educ., Inc.*,
  2015 WL 6664477 (N.D. Cal. Nov. 2, 2015) ................................................. 23

*Perez v. CitiMortgage, Inc.*,
  2014 WL 2609656 (C.D. Cal. June 10, 2014) ................................................. 24

*Pinel v. Aurora Loan Servs., LLC*,
  814 F. Supp. 2d 930 (N.D. Cal. 2011) ............................................................ 18

v

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)................................................................................................... 7

*Plascencia v. Lending 1st Mortgage*,
    583 F. Supp. 2d 1090 (N.D. Cal. 2008)................................................................... 12

*Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC*,
    2017 WL 119041 (N.D. Cal. Jan. 12, 2017)............................................................ 17

*Reinhardt v. Gemini Motor Transp.*,
    879 F. Supp. 2d 1138 (E.D. Cal. 2012) ............................................................. 22, 23

*Reynolds v. Philip Morris USA, Inc.*,
    332 F. App'x 397 (9th Cir. 2009).............................................................................. 13

*Rojas-Lozano v. Google, Inc.*,
    2015 WL 4779245 (D. Mass. Aug. 12, 2015) .......................................................... 10

*Rothman v. Equinox Holdings, Inc.*,
    2021 WL 124682 (C.D. Cal. Jan. 13, 2021)............................................................. 12

*Rothman v. Equinox Holdings, Inc.*,
    2021 WL 1627490 (C.D. Cal. Apr. 27, 2021)........................................................... 20

*Rudgayzer v. Google, Inc.*,
    986 F. Supp. 2d 151 (E.D.N.Y. 2013) ...................................................................... 10

*Sachs v. Republic of Austria*,
    737 F.3d 584 (9th Cir. 2013) .................................................................................... 14

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
    2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) ......................................................... 19

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
    2017 WL 11084512 (C.D. Cal. Aug. 7, 2017) ..................................................... 19, 20

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009)...................................................................... 25

*Smith v. Nerium Int'l, LLC*,
    2019 WL 3110027 (C.D. Cal. Apr. 3, 2019) ........................................................... 8, 9

*Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*,
   2021 WL 2324549 (2d Cir. June 8, 2021) ........................................................ 10

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ......................................................... 3, 19, 20

*Taleshpour v. Apple Inc.*,
   2021 WL 1197494 (N.D. Cal. Mar. 30, 2021) ................................................ 18

*Taylor v. 123RF LLC*,
   2017 WL 8229624 (C.D. Cal. Nov. 30, 2017) ............................................... 13

*United States ex rel. Lee v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ............................................................... 15

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ............................................................... 14

*Windsor Mills, Inc. v. Collins & Aikman Corp.*,
   25 Cal. App. 3d 987 (1972) .................................................................. 9

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) .............................................................. 24

*Yerostathis v. A. Luisi, Ltd.*,
   380 F.2d 377 (9th Cir. 1967) ............................................................... 12

**Statutes**

28 U.S.C. § 1404(a) ..........................................................................*Passim*

Cal. Bus. & Prof. Code § 17203 ............................................................... 20

Cal. Bus. & Prof. Code § 17200 ........................................................... 1, 12, 16

Cal. Civ. Code § 1749.5(a) ............................................................ 2, 4, 13, 21

Cal. Civ. Code §§ 1749.45(a) .................................................................. 4

Cal. Civ. Code §§ 1749.5(b) & (c) ......................................................... 4, 12

Cal. Civ. Code § 1749.51.................................................................. 4, 21

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

**Rules**

Fed. R. Evid. 201(b) ........................................................................................... 14

**Other Authorities**

A.B. 2466 ............................................................................................... 4, 13, 14

S.B. 250 ................................................................................................................. 5

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

Plaintiffs Henk Meyers and Glenn Ginoza (collectively "Plaintiffs") respectfully submit this opposition to Defendants Alphabet, Inc., Google, LLC, Google Payment Corp., and Google Arizona LLC's (collectively, "Google" or "Defendants") Motion to Dismiss The Complaint, Transfer Venue, and Strike Class Allegations ("Motion"), ECF No. 32).[1]

# INTRODUCTION

Defendants sell and market purportedly easy to redeem gift cards which may be used exclusively to purchase online software (a/k/a "app" or "application") from Google, through what is called the "Google Play store."  Plaintiffs bought these gift cards—a $100 gift card for Plaintiff Ginoza and two gift cards totaling $60 in value for Plaintiff Meyers. However, Plaintiffs were deprived the entire value of their gift cards once they hit an insurmountable wall Google purportedly places to ferret out fraud.  Google's algorithm, *i.e.*, the wall in question, flags redemption attempts by certain consumers, prompting them to provide additional information, such as receipts and the location where these cards were bought.  Even after Plaintiffs complied with Google's demands, Google refused to redeem both Plaintiffs' gift cards, because of undisclosed "inconsistencies" rendering Plaintiffs' cards worthless.

Under California's Gift Card law, Google Play gift cards are required to be cash equivalents, meaning that they must either be redeemed, or replaced at no cost to the purchaser or holder.  This same law is incorporated in the terms and conditions governing the gift cards (the "Terms and Conditions"), meaning that Defendants' failure to redeem Plaintiffs' gift cards is not only a violation of Plaintiffs' statutory right of redemption, but it is also a breach of the Terms and Conditions.  Accordingly, Plaintiffs have brought viable claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), as well as claims for breach of contract, and breach of the implied covenant of good faith and fair dealing.

---

[1]    Unless otherwise noted, the following conventions apply: (1) all "¶" references are to Plaintiffs' First Amended Class Action Complaint, ECF No. 23; (2) all emphases are added; (3) all internal citations and quotations are omitted; and (4) all references to "Rule" are to the Federal Rules of Civil Procedure.

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

In turn, Defendants have moved to (1) transfer the case to the Northern District of California under 28 U.S.C. § 1404(a) and/or dismiss under the *forum non conveniens* doctrine; (2) seek dismissal of Plaintiffs' claims under Rule 12(b)(6); and (3) strike Plaintiffs' class action allegations under Rule 12(f). Defendants' Motion must be denied *in toto*. First, with respect to transfer under 28 U.S.C. § 1404(a), the factors weighed by courts favor keeping the case in this District, and therefore, Plaintiffs' choice of venue should not be disturbed. Defendants' argument relies on a forum selection clause that Plaintiffs did not assent to, and therefore should not be enforced. This clause is nowhere in the text of the gift cards' Terms and Conditions. To find the clause that Defendants rely on, a consumer would have to ferret out one of six hyperlinks in the Terms and Conditions to find Google Play's terms of service, *and then* sort through another nineteen hyperlinks to find Google's terms of service containing the forum selection clause. Alternatively, this clause is unconscionable and should not be enforced.

With respect to their motion to dismiss under Rule 12(b)(6), Defendants' arguments should be rejected. First, regarding Plaintiffs' UCL and breach of contract claims, Defendants argue that the multiple seller exception under Cal. Civ. Code § 1749.5(a) applies to them because their gift cards are "usable" with multiple sellers, and therefore, the California Gift Card Law does not apply to them. Not so. Google's gift card Terms and Conditions reflect that the gift cards are *only redeemable* with Google Play—not with any other seller. Defendants attempt to escape this by mischaracterizing extrinsic evidence that is improper to consider under Rule 12(b)(6). Additionally, assuming *arguendo* that the multiple seller exception applies, Plaintiffs' claims under the "unfair" prong of the UCL do not require a statutory violation, and Defendants' conduct is the very type of activity that the California Gift Card Law was intended to prevent. Defendants have failed to address this claim, and therefore, their motion to dismiss this claim should be denied.

Additionally, Defendants also argue that Plaintiffs' claims under the UCL's fraudulent prong fail because they failed to plead Plaintiffs' reliance with particularity under Rule 9(b). This argument misconstrues Plaintiffs' claims under this prong as a

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

1    misrepresentation claim, rather than an omissions claim prompted by Defendants' failure

2    to disclose facts going to the central feature of the cards to Plaintiffs—redemption.  Here,

3    Google should have disclosed the arduous redemption steps required and the full-stop that

4    may occur as a result of Google's unilateral decision to prompt more information from

5    Plaintiffs and to invalidate Plaintiffs' gift cards.

6         Defendants also cite *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir.

7    2020) to argue that Plaintiffs' UCL claims for restitution should be dismissed because there

8    is an already adequate remedy at law in Plaintiffs' breach of contract claim.

9    Notwithstanding that this argument assumes a viable breach of contract claim, which

10   Defendants seek to dismiss, dismissal under this argument is premature without discovery.

11   Indeed, *Sonner* is a wholly distinguishable case decided on the eve of trial and where a

12   plaintiff tried to game her claims to deprive the defendant the right to a trial by jury—facts

13   absent here.  Thus, post-*Sonner*, several courts have found it premature to outright dismiss

14   UCL claims at this juncture.  In any event, this argument ignores that Plaintiffs seek an

15   injunction under the UCL to prevent Defendants from *continuing* their unlawful practices

16   in the future—a remedy that is only available under the UCL

17        As well, with respect to Plaintiffs' claims for breach of the implied covenant of good

18   faith and fair dealing, Defendants assert these claims should be dismissed as duplicative of

19   Plaintiffs' breach of contract claims.  However, Plaintiffs' claims here are not merely

20   duplicative of the breach of contract claims—Plaintiffs allege additional conduct, such as

21   Defendants' unilateral decision to use the algorithm to impede redemption and failure to

22   disclose to consumers the supposed "inconsistencies" that warranted invalidation of their

23   gift cards, that go beyond Defendants' breach of contract.

24        Last, Defendants' motion to strike Plaintiffs' class action allegations should be

25   denied because it is entirely premature at this juncture.  Furthermore, Plaintiffs' claims can

26   be applied in a uniform manner across the class, given that the only things a class member

27   needs to prove is that they had a gift card, and Google denied redemption of that gift card.

28

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

Accordingly, Plaintiffs respectfully request that Defendants' Motion be denied in its entirety.

## STATEMENT OF FACTS

Defendants operate an online store dubbed the "Google Play" store that allows consumers, such as Plaintiffs, to purchase various online applications as well as movies, games, and other media.  ¶26.  As part of this service, Defendants market gift cards that can only be redeemed and used *at* the Google Play store.  ¶27.  Defendants tout that the main draw of these gift cards is that they are easy to redeem and help their holders easily manage their spending.  ¶28.  Indeed, many consumers, especially millennials, buy these gift cards for that exact reason.  *Id.*

Defendants' gift card Terms and Conditions—the subject contract—explicitly incorporate California law.  ¶29.  Thus, the terms governing redemption of the gift cards must comport with California's Gift Card Law, Cal. Civ. Code §§ 1749.45(a), 1749.5(b).  ¶¶25, 64.  The Gift Card Law mandates that any gift card "sold without an expiration date is valid until redeemed or replaced." Cal. Civ. Code § 1749.5(c).  ¶25.  The statute also makes clear that redemption must be "in cash for [the card's] cash value," or that the card be subject to replacement with a new gift certificate at no cost to the purchaser or holder.  Cal. Civ. Code § 1749.5(b); ¶25.  Related to this provision, it is unlawful to "sell a gift certificate to a purchaser that contains . . . [a]n expiration date." Cal. Civ. Code § 1749.5(a)(1); ¶25.  *Id.*  Moreover, "[a]ny waiver of the provisions of this title is contrary to public policy, and is void and unenforceable." Cal. Civ. Code § 1749.51; ¶25.

The California Legislature recognized that gift cards like those sold by Defendants "*ought to retain all the characteristics of cash itself* and remain valid in perpetuity, assuming the continued existence in business of the retailer who issued the gift certificate" Cal. Bill Analysis, A.B. 2466 Sen., 7/16/1996; ¶24. "[E]xpired gift certificates dash the expectation of gift-givers and constitute an unfair windfall to retailers." Cal. Bill Analysis, A.B. 2466 Sen., 6/11/1996; ¶24.  "The retailer has already received payment for the value of the certificate." Cal. Bill Analysis, A.B. 2466 Sen., 6/11/1996; ¶24.  And this windfall

from consumers is significant: "$8.2 billion of value left on gift cards was not spent by consumers in 2006 alone."  Cal. Bill Analysis, S.B. 250 Assem., 6/26/2007; ¶24.

Thus, the following requirements apply to Google's gift cards: (1) Google's gift cards *must* be valid until redeemed and replaced; (2) redemption must be for cash or the card's cash value; (3) and Google's gift cards cannot expire.  ¶25.  Google, however, has violated all three statutory requirements.  ¶¶30-35.

Plaintiffs each purchased Google Play gift cards, but when they attempted to redeem them, Google prompted them to provide more information regarding their purchases.  ¶¶31, 36-37.  Fortunately, Plaintiffs kept their receipts—but likely numerous consumers would at this point be left with no recourse but to give up their redemption attempt.  ¶¶30-33.  Indeed, this is a far cry from Google's "easy to redeem" proclamation, and leaves many consumers with valueless cards.  ¶32.

Even after providing the information demanded regarding their purchases, Google sent each Plaintiff the following email: "Thank you for your patience while we reviewed your account.  We have noticed some inconsistencies with your account and the information you provided us; because of this we are unable to help you redeem these gift cards."  ¶¶36-37.  This email does not provide the recipient any way to address or remedy the supposed inconsistencies in the account.  Understandably, Plaintiffs followed up and asked how they could remedy these consistencies, with no help from Google's customer representatives.  For example, Plaintiff Ginoza contacted a Google customer service representative to ask what inconsistencies there were, and again provided photos of his gift card and receipt to that same representative, to no avail.  ¶37.  On April 7, 2021, Plaintiff Ginoza reached out to another Google representative, who simply reiterated that his request was denied.  *Id.*

By placing this impregnable barrier to redemption, Defendants have damaged Plaintiffs by leaving them with valueless cards.  ¶¶36-37.  In doing so, Defendants have violated the Gift Card Law, ¶¶30-35, and consequently, violated the UCL's "unlawful" prong, and breached the terms and conditions of the gift cards that incorporate that same

law.  ¶¶56-57, 63-67.  Additionally, Defendants have violated the remaining UCL prongs.  ¶¶58-62.  Last, Defendants have failed to abide by the convent of good faith and fair dealing accompanying their contract with Plaintiffs and the Class by denying redemption of otherwise valid gift cards.  ¶¶68-72.

## LEGAL STANDARDS

First, on a motion to dismiss under Rule 12(b)(6), "the [C]ourt must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).  Second, on a motion to transfer venue under 28 U.S.C. § 1404(a), the moving party holds the burden to demonstrate that the action should be transferred.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  Third, on a motion to strike under Rule 12(f), "the Court views the pleadings in the light most favorable to the non-moving party and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff."  *IV Sols. Inc. v. United Healthcare Servs. Inc.*, No. CV124887GAFMRWX, 2012 WL 12894001, at *2 (C.D. Cal. Oct. 19, 2012).

## ARGUMENT

### I.    PLAINTIFFS' CHOICE OF VENUE CONTROLS

Plaintiffs' claims are properly before this Court and Plaintiffs' choice of venue should not be disturbed in this case.  The factors Courts consider under the transfer statute, 28 U.S.C. § 1404(a), weigh in favor of keeping Plaintiffs' claims in this Court.  Additionally, the forum selection clause touted by Defendants was not assented to by Plaintiffs, and therefore, should not be granted any weight.  Alternatively, the clause is unconscionable.  Last, assuming *arguendo* that the case should be transferred, dismissal under the *forum non conveniens* doctrine is not the proper remedy.

### A.    The Factors Under 28 U.S.C. § 1404(a)[2] Weigh In Plaintiffs' Favor

As an initial matter, it is well-settled that "[c]ourts do not lightly disturb a plaintiff's

---

[2]    Defendants' Motion does not contest this Court's subject matter or personal jurisdiction.

choice of forum, particularly where, as here, the forum chosen is the plaintiff's domicile."
*OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1009 (D. Ariz. 2017) (citing *L.A. Mem'l
Coliseum v. NFL*, 89 F.R.D. 497, 499–500 (C.D. Cal. 1981)).  Here, given that both
Plaintiffs are domiciled in this District and purchased their cards in this District, ¶¶12-13,
36-37, "it is reasonable to assume that this choice is convenient."  *Piper Aircraft Co. v.
Reyno*, 454 U.S. 235, 255–56 (1981).

When deciding whether an action should be transferred under § 1404(a), courts
consider nine factors: (1) the location where the relevant agreements were negotiated and
executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice
of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the
plaintiffs' cause of action in the chosen forum, (6) the differences in the costs of litigation
in the two forums, (7) the availability of compulsory process to compel attendance of
unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v.
GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

The first factor weighs heavily in Plaintiffs' favor because both Plaintiffs bought
their cards and attempted to redeem them in this District.  The second factor is neutral
given both forums are within the same state of California.  The third—and most
important—factor, weighs in favor of keeping the case in this Court, as most of the
operative facts—Plaintiffs' purchases of the gift cards, occurred in this District.  *See
DePuy Synthes Sales Inc. v. Stryker Corp.*, No. EDCV181557FMOKKX, 2019 WL
1601384, at *4 (C.D. Cal. Feb. 5, 2019) (Olguin, J.) ("[P]laintiff's choice of forum, . . .  is
"generally accorded 'great weight[.]'").

The fourth and fifth factor weigh in favor of this forum as well.  Both Plaintiffs
reside in this District.  Although Defendants—except for Google Arizona LLC—are
primarily based in the Northern District of California—Google is by no means a local
business but has contacts *all throughout* the United States, including this District.  Given
that Plaintiffs had no contacts with the Northern District of California, while Defendants
had at least some contacts, it stands to reason that this factor weighs in favor of keeping the

1  case in this District.

2      The sixth factor—cost—weighs in favor of Plaintiffs' choice as well.  Travel costs

3  will be much harder to bear for individual Plaintiffs than it would be for Defendants—

4  Google is one of the largest and most prolific corporate conglomerates in the world with a

5  market capitalization above $1 trillion.  https://finance.yahoo.com/quote/GOOG/.

6  Plaintiffs' lawyers are also located in this District.

7      With respect to the seventh factor, Plaintiffs are presently unaware of specific

8  witnesses they or Defendants will call who are unwilling to testify.  Thus, this factor is

9  neutral.   The last factor, the ease of access to sources of proof, weighs in Plaintiffs' favor.

10  Plaintiff anticipates that most discovery from Defendants will be in electronic form, and

11  depositions of Defendants can likely be done via video.  However, if Defendants opt to

12  depose Plaintiffs in person, it would be arduous for Plaintiffs to make the approximately

13  four-hundred-mile trip to San Jose, California or any portion of the District upon which the

14  Northern District of California lies.

15      Defendants do not offer up any compelling reason to disturb Plaintiffs' choice of

16  venue.  Instead, Defendants wrongfully argue that Plaintiffs should be bound by a forum

17  selection clause, ignoring that Plaintiffs did not assent to any such provision.  *Infra* § I.B.

18      **B.    Plaintiffs Did Not Assent To The Forum Selection Clause At Issue Here**

19      Defendants' arguments and authorities in favor of enforcement of the clause are not

20  relevant because they presume a valid forum selection clause.  The Supreme Court's

21  decision in *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas* turned on the

22  enforcement of a "*valid* forum selection clause[,]" *i.e.*, one that was "*bargained for by the*

23  *parties*."  571 U.S. 49, 63 (2013).  Thus, "[b]efore [a] court may consider the impact of any

24  forum selection clause on plaintiff's choice of forum and [a] motion to transfer, it must

25  first determine whether a contract exists and, if so, whether it contains the forum selection

26  clause at issue."  *Smith v. Nerium Int'l, LLC*, No. SACV1801088JVSPLAX, 2019 WL

27  3110027, at *10 (C.D. Cal. Apr. 3, 2019).  Defendants "bear the burden of demonstrating

28  the existence of a contract and the inclusion of the forum selection clause in that contract."

*Id.*

Under California law, which applies to the contracts at issue here, "an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he is unaware, contained in a document whose contractual nature is not obvious." *Centon Elecs., Inc. v. Target Corp.*, No. SACV090534DOCRNBX, 2009 WL 10674428, at *4 (C.D. Cal. June 18, 2009) (citing *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 991 (1972)). "Given the *breadth of the range of technological savvy of online purchasers*, consumers cannot be expected to ferret out hyperlinks to terms and conditions to which they have no reason to suspect they will be bound." *Long v. Provide Com., Inc.*, 245 Cal. App. 4th 855, 867 (2016). Consequently, courts are "traditional[ly] reluctan[t] to enforce browsewrap agreements against individual consumers." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1178 (9th Cir. 2014).

Defendants here claim that Plaintiffs assented to the forum selection, inaccurately arguing that the various agreements they cite fit together like matryoshka dolls. Not so. Plaintiffs *did not have a chance* to accept the forum selection clause before they bought their gift cards at their retailers. The only agreement referenced on the card itself was a hyperlink to the Terms and Conditions. ECF No. 32-4 at ¶5. Thus, the forum selection clause that Defendants argue plaintiffs assented to was *three* hyperlinks away from the point of Plaintiffs' purchases: (1) the link to the gift cards' Terms and Conditions; (2) which in turn linked to Google Play's terms of service; and (3) which then linked to Google's terms of service containing the forum selection clause. ECF No. 32-4 at ¶7. Defendants attempt to rely on the fact that, when attempting to redeem their cards, Plaintiffs had to agree to the gift cards' Terms and Conditions, but fail to mention that the *only item* the user clicks to agree to is the Terms and Conditions. ECF No. 32-4 at ¶6 ("Just above the 'Redeem' button, Google advises . . . that '[b]y clicking Redeem, you agree to the Gift Card & Promotional Code Terms and Conditions, as applicable.'").

Furthermore, the Terms and Condition contains six different hyperlinks, and the hyperlink to the terms of service itself is no different than the remaining five hyperlinks.

1  *See* ECF No. 32-5.  In turn, the Google Play terms of service contains *an additional*

2  *nineteen hyperlinks*.  ECF Nos. 32-6, 32-8.  "[A] highly inconspicuous hyperlink buried

3  among a sea of links does not provide such notice."  *In re Zappos.com, Inc., Customer*

4  *Data Sec. Breach Litig.*, 893 F. Supp. 2d 1058, 1066 (D. Nev. 2012).  Moreover, the

5  contention that Plaintiff Ginoza may have reviewed Google's terms of service before he

6  created a Google account cannot demonstrate his acceptance of its terms to govern Google

7  Play cards.  "[I]t would have been entirely reasonable for [Plaintiffs] to believe" that

8  Google's terms of service applied only to, *e.g.*, Google email and search accounts, and not

9  to gift cards purchased much later for the Google Play service.  *Soliman v. Subway*

10 *Franchisee Advert. Fund Tr., Ltd.*, No. 20-946, 2021 WL 2324549, at *8 (2d Cir. June 8,

11 2021).  This argument also ignores Defendants' silence with respect to Plaintiff Meyers.

12       Thus, Defendants failed to meet their burden to show that Plaintiffs assented to a

13 forum selection clause several hyperlinks away from the gift cards' Terms and Conditions.[3]

14 Defendants counter that the forum selection clause ought to be enforced for purported

15 "public policy" reasons that have *nothing* to do with public policy.  Specifically,

16 Defendants argue that Google "has a significant corporate footprint" in the Northern

17 District, and therefore the action should be in a District where Defendants "employ[]

18 thousands of employees at its various offices."  ECF No. 32 at 14.  This argument is not a

19 public interest argument, but rather a jury-shopping argument confirming that the case

20 should not be transferred.  *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124,

21 129 (D.D.C. 2001) ("On the other hand, public-interest considerations that weigh against a

22 transfer include the possibility that the defendants are forum shopping.").[4]

23 _____

24 [3]      None of Defendants' authorities involve the myriad of hyperlinks presented to
   Plaintiffs.  *See Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 237 (E.D. Pa. 2007) (noting
25 that clause was in the same agreement, and noting that, clause buried in hyperlinks—like
   here—may not constitute assent); *Rudgazyer v. Google, Inc.*, 986 F. Supp. 2d 151, 156
26 (E.D.N.Y. 2013) (plaintiff brought suit arising out of their Google account, not the
   purchase of gift cards, and clicked on agreement with forum selection clause when creating
27 their Google account); *Rojas-Lozano v. Google, Inc.*, No. CV 15-10160-MGM, 2015 WL
   4779245, at *3 (D. Mass. Aug. 12, 2015) (same).
28 [4]      Defendants' reliance on *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 502 (1947) is
   misplaced, given that there, both the plaintiff and defendant resided outside of the Southern

10

**C.   Alternatively, The Forum Selection Clause Is Unconscionable**

Alternatively, the provision at issue here should not be enforced because it is procedurally and substantively unconscionable.  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."  *Armendariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83, 114 (2000).  Here, the clause is procedurally unconscionable because, as described above, it is buried within several hyperlinks, *Milliner v. Bock Evans Fin. Couns., Ltd.*, 114 F. Supp. 3d 871, 879 (N.D. Cal. 2015), and was presented to Plaintiffs as a "take it or leave it" contract, with no option for Plaintiffs to negotiate, *id.  See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006) (a contract of adhesion, *i.e.*, "a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms" is an example of "quintessential procedural unconscionability").  The clause is also substantively unconscionable because it lacks mutuality:  Plaintiffs are bound to sue *only* in Defendants' home turf, and are forced to expend substantially more money to litigate their small-dollar claims than they would receive in damages.  *Supra*, § I.C (discussing, *inter alia*, costs); *Fitz v. NCR Corp*., 118 Cal. App. 4th 702, 723 (2004) ("In assessing substantive unconscionability, the paramount consideration is mutuality.").  Thus, the Court should decline to enforce the provision because it is unconscionable.

**D.   In Any Event, Dismissal Is Not The Proper Remedy Under A Motion To Transfer**

Defendants erroneously claim dismissal under the *forum non conveniens* doctrine is appropriate.[5]  However, it is well-settled that "where transfer under 28 U.S.C. § 1404(a) [is] possible, dismissal under the doctrine of *forum non conveniens* [is] improper."

District of New York, whereas here, the Plaintiffs reside, purchased their cards, and attempted to redeem their cards in this District.

[5]    *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd*., 61 F.3d 696, 699 (9th Cir. 1995) is inapplicable because there, the alternate forum advocated by defendant was Singapore, not another federal court.

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

1  *Yerostathis v. A. Luisi, Ltd.*, 380 F.2d 377, 379 (9th Cir. 1967); *accord Atl. Marine*, 571

2  U.S. at 62 (noting that the Court of Appeals "correctly identified § 1404(a) as the

3  appropriate provision to enforce the forum-selection clause in this case").  Here, Plaintiffs

4  should not be put through the expense of refiling their complaint.  Thus, Defendants'

5  request for dismissal under the *forum non conveniens* doctrine should be denied.

6  **II.    PLAINTIFFS' CLAIMS ARE ADEQUATELY PLED**

7      **A.    Plaintiffs' UCL Claims Are Adequately Pled**

8         The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[.]"

9  Cal. Bus. & Prof. Code § 17200.  "Because [the UCL] is written in the disjunctive, it

10  establishes three varieties of unfair competition—acts or practices which are unlawful, or

11  unfair, or fraudulent."  *Cel-Tech Commc'n., Inc. v. Los Angeles Cellular Telephone Co.*, 20

12  Cal.4th 163, 180 (1999).  Plaintiffs' plead claims under all three of the UCL's prongs.

13
14            **1.    Plaintiffs Have Adequately Pled Claims Under The UCL's
                 "Unlawful" Prong**

15         The UCL's unlawful prong "borrow[s] violations of other laws and treats them as

16  unlawful business practices independently actionable under section 17200. . . . Violation of

17  almost any federal, state, or local law may serve as the basis for a UCL claim under the

18  unlawful prong."  *Rothman v. Equinox Holdings, Inc.*, No. 220CV09760CASMRWX,

19  2021 WL 124682, at *6 (C.D. Cal. Jan. 13, 2021); *Plascencia v. Lending 1st Mortgage*,

20  583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

21         Here, Plaintiffs have plausibly alleged Defendants' violation of California's Gift

22  Card Law via Defendants' failure to redeem Plaintiffs' valid gift cards.  ¶¶56-57.

23  Specifically, Google's gift cards must be valid until redeemed or replaced, as required by

24  California's Gift Card Law, and when redeemed, must be redeemed for cash for its value.

25  Cal. Civ. Code §§ 1749.5(b) & (c).  By failing to redeem the gift cards or replace them at

26  no cost to Plaintiffs, Defendants are in violation of the Gift Card Law, which in turn, serves

27  as the predicate violation of the UCL.  Therefore, Plaintiffs' claims are adequately alleged

28  under the UCL's "unlawful" prong.  *See Rothman*, 2021 WL 124682, at *7 (finding that

plaintiff adequately alleged a violation of the UCL because defendant's gift card contained

an unlawful expiration date, in violation of California's Gift Card Law).

Defendants attempt to escape this conclusion by wrongly arguing that the California

Gift Card Law does not apply to them because the gift cards are used with multiple sellers.

Not so.  The multiple provision exception excludes gift cards "*usable* with multiple sellers

of goods or services, provided the expiration date, if any, is printed on the card.  This

exemption does not apply to a gift card usable only with affiliated sellers of goods or

services."  Cal. Civ. Code § 1749.5(a).  Defendants cannot dispute that their gift cards are

usable *only with the Google Play store*.  *See* ¶27; *see also* ECF No. 32-5 at ¶2 ("The Gift

Card or Credit may be used for purchases of eligible items on Google Play only.").  In

other words, Plaintiffs could not redeem or use their cards directly with any purported

Google Play seller.  The gift card amount could only be added to Plaintiffs' Google Play

account and the Terms and Conditions make it clear that the redeemed amount goes not to

any product seller, but towards defendant Google Payment Corporation.  ¶15; *see also* ECF

No. 32-5 at ¶1 ("Upon redemption of a Gift Card or Credit, the redeemed balance will be

transferred from GAZ to its affiliate, Google Payment Corp. ("GPC"), and thereafter

maintained by GPC as Google Play balance in the user's Google Payments account.").

Defendants' authorities are likewise inapposite.  *Taylor v. 123RF LLC*, No.

216CV04129SVWFFMX, 2017 WL 8229624, at *2 (C.D. Cal. Nov. 30, 2017) (plaintiff

alleged online credits, *not gift cards*, as noted by the fact that the credits were not "even

capable of being given as a gift"); *Reynolds v. Philip Morris USA, Inc.*, 332 F. App'x 397,

398 (9th Cir. 2009) (same).

Indeed, the California Legislature likely enacted the Gift Card Law for this very

situation.  "[T]he California Legislature recognized that "gift certificates *ought to retain all

the characteristics of cash itself* and remain valid in perpetuity, assuming the continued

existence in business of the retailer who issued the gift certificate."  California Bill

Analysis, A.B. 2466 Sen., 7/16/1996.  If Defendants' multiple sellers argument were

truethen Plaintiffs would have been able to redeem their cards with other sellers after

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

Google's denial.  However, that is not the case because Google is the ultimate and only arbiter of the validity the gift cards, and Google's decision to invalidate Plaintiffs' cards "dash[es] the expectation of [Plaintiffs] and constitute[s] an unfair windfall to [Google]." California Bill Analysis, A.B. 2466 Sen., 6/11/1996.

To escape these statutory and legislative pronouncements, Defendants improperly and erroneously rely on extrinsic evidence.  Specifically, Defendants principally rely on the contents of Google's 2019 Public Policy Report, Somvichian Decl., Ex. A, ECF No. 32-2, and claim it is judicially noticeable because it is "incorporated by reference" in the complaint.  ECF No. 32 at 4 n.1.  Defendants' conflation of two separate doctrines aside, judicial notice of *facts*—not a document—is only permissible where facts are not subject to reasonable dispute because they are (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013).  With respect to documents offered by Defendants, the Ninth Circuit has made it clear that "[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).  Here, judicial notice of the Public Policy Report is improper because Defendants are offering it for the (purported) truth of the contents asserted therein, that gift cards are usable with multiple sellers.  ECF No. 32 at 15.

Additionally, the document proffered *does not even state that gift cards are usable with multiple sellers*.  Rather, it explains how Google aggregates other sellers' content to become the lone seller of goods on the Google Play platform and why this is purportedly beneficial to the sellers: such that the Google Play store "can help ensure that sellers can seamlessly and securely transact with customers across 150 countries."  ECF No. 32-2 at 11.  That does not negate Plaintiffs' allegation that Google's own Terms and Conditions that the gift cards are usable only to buy content from Google on the Google Play platform. Thus, Plaintiffs' allegations—and Defendants' own gift card terms—dispute the fact that

1  Google's gift cards are usable with multiple sellers, rendering judicial notice of Ex. A and

2  all related arguments improper on a Rule 12(b)(6) motion to dismiss.  *United States ex rel.*

3  *Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("[W]e may not, on the basis of

4  evidence outside the Complaint, take judicial notice of facts favorable to Defendants that

5  could reasonably be disputed.").

6          Last, to the extent Defendants attempt to save Ex. A by retreating to the

7  incorporation by reference doctrine, that doctrine does not apply to the 2019 Public Policy

8  report because that document is not central to Plaintiffs' claims, as required by the Ninth

9  Circuit.  *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th

10  Cir. 2013).  Put another way, Plaintiffs' claim does not depend on the document, given that

11  it is not a contract governing the gift card, and is merely cited in Plaintiffs' complaint once

12  for background information regarding where Google's gift cards are sold.  *Knievel v.*

13  *ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (The plaintiff's claim must "depend on [the]

14  document[.]"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)

15  ("[T]he mere mention of the existence of a document is insufficient to incorporate the

16  contents of a document[.]").  Thus, Defendants' attempts to evade this arguing the multiple

17  seller exception should be rejected as improper on a Rule 12(b)(6) motion to dismiss, if not

18  substantively erroneous.

19          Accordingly, Defendants' motion to dismiss Plaintiffs' claims under the UCL's

20  "unlawful" prong should be denied.

21      **2.      Plaintiffs Have Adequately Pled Claims Under The UCL's "Unfair" Prong**

22
23          Defendants' practice of shutting the door on redemption of their gift cards violates

24  the UCL's "unfair" prong.  When determining whether a violation of this prong occurred,

25  courts employ the following tests:  "[a]n 'unfair' business practice occurs when that

26  practice 'offends an established public policy or when the practice is immoral, unethical,

27  oppressive, unscrupulous or substantially injurious to consumers[;]" (2) "the public policy

28  which is a predicate to the action must be 'tethered' to specific constitutional, statutory or

15

1  regulatory provisions;" and (3) "[a]n act or practice is unfair if the consumer injury is

2  substantial, is not outweighed by any countervailing benefits to consumers or to

3  competition, and is not an injury the consumers themselves could reasonably have

4  avoided."  *Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal.App.5th 1131, 1150 (2016); *In re*

5  *Adobe Systems, Inc. Privacy Litigation*, 66 F.Supp.3d 1197, 1226 (N.D. Cal. 2014).

6        Here, Defendants' conduct with respect to the refusal to redeem gift cards held by

7  Plaintiffs is unfair because: (1) it offends the legislative intent underpinning passage of the

8  Gift Card Law, which presumes the validity of gift cards, by forcing *bona fide* gift card

9  holders to forfeit the unused value of their gift cards and providing Defendants with an ill-

10  gotten and undeserved windfall; and/or (2) on balance, Defendants' practice substantially

11  injures consumers by rendering their gift cards valueless while Defendants retain the

12  benefits of the money spent on the gift cards and such injury is not reasonably avoidable

13  nor outweighed by any countervailing benefits to the consumer.  ¶58.  Thus, Plaintiffs have

14  adequately pled a violation of the UCL's "unfair" prong.

15        Defendants' argument for dismissal of Plaintiffs' UCL claim ignores Plaintiffs' UCL

16  claim under the "unfair" prong.  Specifically, Defendant wrongly argues that the absence

17  of a California Gift Card Law violation warrants dismissal of the entirety of Plaintiffs'

18  UCL claim.  However, an underlying statutory violation is not required to plead a violation

19  of the UCL's unfair prong.  California's Supreme Court affirmed this principle in *Cel-*

20  *Tech*, stating, "Because Business and Professions Code section 17200 is written in the

21  disjunctive, it establishes three varieties of unfair competition—acts or practices which are

22  unlawful, or unfair, or fraudulent.  'In other words, a practice is prohibited as 'unfair' or

23  deceptive; even if not 'unlawful' and vice versa.'"  20 Cal.4th at 180.  Consequently,

24  courts routinely sustain UCL claims under the unfairness prong, independent of whether

25  the challenged practice expressly violates some other statute.  *See, e.g.*, *Cappello v.*

26  *Walmart Inc.*, 394 F.Supp.3d 1015, 1023 (N.D. Cal. 2019) ("The 'unfair' prong of the

27  UCL creates a cause of action for a business practice that is unfair even if not proscribed

28  by some other law."); *Klein v. Chevron U.S.A., Inc.*, 202 Cal.4th 1342, 1376 (2012)

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

1  (sustaining claim under "unfairness" prong notwithstanding defendant's argument that

2  practice complied with law); *accord Jordan v. Paul Financial, LLC*, 285 F.R.D. 435, 456

3  (N.D. Cal. 2012) (denying defendant's motion for summary judgment dismissal of

4  plaintiff's claims under the UCL's unfair prong without regard to whether defendant

5  violated any underlying statute).  Thus, assuming *arguendo* that Defendants' gift cards

6  qualify under the multiple seller exception, this argument carries no water under the UCL's

7  "unfair" prong.  Indeed, "the Legislature's mere failure to prohibit conduct does not

8  prevent a court from finding it unfair."  *Cel-Tech*, 20 Cal. 4th at 184.

9      Accordingly, Defendants' outright failure to separately address Plaintiffs' claim

10  under the UCL's "unfair" prong warrants denial of Defendants' motion to dismiss that

11  claim.  *See, e.g.*, *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003);

12  ("Our adversarial system relies on the advocates to inform the discussion and raise the

13  issues to the court."); *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776

14  F. Supp. 2d 1029, 1040 (N.D. Cal. 2011) (denying motion to dismiss UCL claim based on

15  wrongful credit reporting because, *inter alia*, defendant "fail[ed] to provide any legal

16  analysis or cite any decisional authority to support its argument"); *see also Grayson O Co.*

17  *v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by

18  failing to present it in its opening brief or by failing to develop [its] argument'—even if

19  [its] brief takes a passing shot at the issue.").

20      **3.    Plaintiffs Have Adequately Pled Claims Under The UCL's "Fraudulent"
           Prong**

21

22      A claim under the UCL's "fraudulent" prong is "distinct from common law fraud—

23  while fraudulent deception requires actual falsity, intent, and reasonable reliance, none of

24  these elements are required to state a claim for . . .  relief under the UCL's fraudulent

25  prong."  *Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC*, No. 16-CV-04791

26  YGR, 2017 WL 119041, at *2 (N.D. Cal. Jan. 12, 2017).[6]  Conduct is considered

27  "fraudulent"—and therefore prohibited—under the UCL if the conduct is "likely to

28  _____

[6]     Defendants' citation of the elements of common law fraud should be rejected.

deceive." *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal.App.4th 1235, 1254 (2009).
Whether conduct is likely to deceive is "based on the reasonable consumer standard."
*Pinel v. Aurora Loan Servs., LLC*, 814 F. Supp. 2d 930, 941 (N.D. Cal. 2011).

Here, Plaintiffs have alleged that Defendants should have disclosed that (1) Google Play cards holders need to retain or obtain receipts documenting the cards' purchase, because Google may elect to refuse redemption of the cards absent such evidence, and that (2) Google may elect to refuse redemption even if this information is provided.  ¶59.  Had Defendants disclosed these facts to Plaintiffs, Plaintiffs would not have been so damaged. Thus, Plaintiffs' claims under this prong are adequately alleged.  *See Beyer v. Symantec Corp.*, 333 F. Supp. 3d 966, 980 (N.D. Cal. 2018) (finding omission regarding software defects actionable as they were "central to the product's function because they render[ ] those products incapable of use by any consumer.").

Defendants assert that Plaintiffs needed to allege that they saw Defendants' representations.  Not so.  With respect to claims under the "fraudulent" prong, "[r]eliance can be proved in a fraudulent omission case by establishing that had the omitted information been disclosed, [the plaintiff] would have been aware of it and behaved differently."  *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 250–51 (2011). Here, Plaintiffs have done just that, and "[i]t would be improper to adjudicate the factual question of [P]laintiffs' actual reliance at [this] stage."  *Boschma*, 198 Cal. App. 4th at 250-51; *Taleshpour v. Apple Inc.*, No. 5:20-CV-03122-EJD, 2021 WL 1197494, at *11 (N.D. Cal. Mar. 30, 2021) ("Plaintiffs further allege that had they known about the Alleged Defect, they would not have purchased their laptops or would not have paid the price they paid.  The Court finds these allegations sufficient to demonstrate reliance.").  Thus, Defendants' authorities regarding misrepresentation claims are inapposite.

Accordingly, Defendants' motion to dismiss Plaintiffs' claims under the UCL's "fraudulent" prong should be denied.

### 4.    Dismissal Under the *Sonner* Doctrine Is Premature at this Juncture

Defendants argue that Plaintiffs' UCL claims for restitution—an equitable remedy—

18

should be dismissed because Plaintiffs possess an "adequate remedy at law" in damages under Plaintiffs' breach of contract claims. As an initial matter, Defendants' argument requires that the Court sustain Plaintiffs' breach of contract or implied covenant claims. *See, e.g.*, *Salas v. Toyota Motor Sales, U.S.A., Inc.,* No. CV 15-8629 FMO (EX), 2016 WL 7486600, at *14 (C.D. Cal. Sept. 27, 2016) (Olguin, J.) ("*Salas I*") (dismissing equitable remedies under, *inter alia*, the UCL where court sustained damages claims under other claims). Notwithstanding, dismissal at this stage of the proceedings is premature, and Defendants' argument ignores Plaintiffs' request for injunctive relief under the UCL.

 Plaintiff acknowledges that the Ninth Circuit affirmed dismissal of the plaintiff's UCL and Consumer Legal Remedies Act ("CLRA") claims in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) because plaintiff failed to "*establish*" the lack of an adequate remedy at law. However, Defendants skirt the underlying factual and procedural circumstances underpinning *Sonner* that warranted full dismissal of that case. In *Sonner*, the plaintiff engaged in outright gamesmanship to deprive the defendant the right to a "trial by jury" by dropping her damages claim and leaving only her restitution demand on the eve of trial. *Id*. at 837. The *Sonner* plaintiff effectively trapped herself— her damages claim, which she had dropped, was the alternative remedy for her restitution claim. Thus, the District Court was left with no choice but to dismiss plaintiff's claims.

 Although Defendants cite cases which have relied on *Sonner* to dismiss UCL claims at the motion to dismiss stage, Plaintiff respectfully submits that those cases, including the Court's decision in *Salas I* should not be applied here.[7] As one court opined, "unlike *Sonner*, this matter is not currently on the eve of trial and that there is, at present, no pending motion for injunctive relief that would require the Court to determine the adequacy of plaintiff's legal remedies." *Rothman v. Equinox Holdings, Inc.*, No. 220CV09760CASMRWX, 2021 WL 1627490, at *12 (C.D. Cal. Apr. 27, 2021); *see also*

---

[7] Indeed, the Court allowed plaintiff to amend his complaint in *Salas I*, and ultimately sustained plaintiff's UCL claims in *Salas v. Toyota Motor Sales, U.S.A., Inc.,* No. CV 15-8629 FMO (EX), 2017 WL 11084512, at *2 (C.D. Cal. Aug. 7, 2017) (Olguin, J.) ("*Salas II*"), concluding that "the UCL's remedies have the 'independent purpose' of deterrence of unfair business practices."

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.,* 497 F. Supp. 3d 552, 638
(N.D. Cal. 2020) ("The facts of Sonner—where the plaintiff on the eve of trial sought to
secure a bench trial under the UCL by foregoing CLRA damages claims that had to be
tried to a jury—are inapposite considering the allegations and the posture of the CAC.").

Defendants also ignore that Plaintiffs' UCL claims seek an injunction to rectify
Defendants' *continuing* violative practices, *i.e.*, a public injunction for which no other
remedy at law exists.  ¶¶60-61; Cal. Bus. & Prof. Code § 17203.  Indeed, neither Plaintiffs'
breach of contract claim, nor Plaintiffs' breach of covenant of good faith and fair dealing
claim provides for a public injunction preventing Defendants from continuing to bar
redemption of valid gift cards.  *See Salas II*, 2017 WL 11084512, at *2 ("The court is
satisfied that the equitable remedies plaintiffs seek," *e.g.*, under the UCL, "are additional,
cumulative remedies permitted by the statutory claims asserted in the SAC."); *Mier v. CVS
Pharm., Inc.*, No. SA CV 20-01979-DOC-ADS, 2021 WL 1559367, at *13 (C.D. Cal. Mar.
22, 2021) (rejecting dismissal of UCL claims under *Sonner* because a plaintiff "may seek
equitable relief under FAL and UCL to the extent that his claims are premised on alleged
future harm"); *Integritymessageboards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2020
WL 6544411, at *8 (C.D. Cal. Nov. 6, 2020) ("In short, the court concludes that plaintiff
may pursue its equitable claims for injunctive and declaratory relief to the extent it
premises them on future harm.").  *Sonner* is also of no aid to Defendants because
"[i]njunctive relief [was] not at issue."  *Sonner*, 971 F.3d at 842.  Thus, even if the Court
were to dismiss Plaintiffs' restitution claims at this juncture—which it should not—
Plaintiffs' UCL claims must survive given that they are Plaintiffs' only way to obtain an
injunction barring Defendants from continuing their unlawful business practices.

Accordingly, Defendants' motion to dismiss Plaintiffs' UCL claims must be denied.

## B.    Plaintiffs' Breach of Contract Claims are Adequately Pled

Defendants were obligated to redeem Plaintiffs' cards for their cash value, or to
replace them with properly working cards under the Terms and Conditions.  "[T]o establish
a breach of contract claim, a plaintiff must plead: (1) the existence of [a] contract; (2)

20

1  plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4)

2  damage to plaintiff resulting from the breach." *Hendrix v. Disc. Gold Brokers, Inc.*, No.

3  CV 14-0737 FMO (SHX), 2014 WL 12691620, at *3 (C.D. Cal. July 21, 2014).

4      Plaintiffs entered into a valid contract with Defendants, *i.e.*, the Terms and

5  Conditions governing Plaintiffs' Google Play gift cards. ¶¶36-37. Under the Terms and

6  Conditions, the gift cards are redeemable *only at the Google Play store*, ¶27, which

7  Plaintiffs attempted to accomplish, ¶¶36-37. In return, the Terms and Conditions

8  incorporated the California Gift Card Law, with an express provision stating that "the laws

9  of the State of California apply, without regard to principles of conflict of laws, and *that

10  such laws will govern these Gift Card and Credit terms and conditions*." ¶¶29, 64. Thus,

11  with respect to redemption, California's Gift Card Law governs Defendants' obligations

12  with respect to redemption and replacement. *Mercury Cas. Co. v. Scottsdale Indem. Co.*,

13  156 Cal. App. 4th 1212, 1224, 68 Cal. Rptr. 3d 123, 132 (2007) ("It is well settled that

14  contracts are deemed to incorporate applicable statutes in effect at the time the contract is

15  made."); *see also* Cal. Civ. Code § 1749.51 ("Any waiver of the provisions of this title

16  [*i.e.*, the Gift Card Law] is contrary to public policy, and is void and unenforceable.").

17      Accordingly, Defendants' gift cards *must* be "valid until redeemed or replaced," Cal.

18  Civ. Code § 1749.5(c), and redemption must be "in cash for [the card's] cash value," or

19  that the card be subject to replacement with a new gift certificate at no cost to the purchaser

20  or holder. Cal. Civ. Code § 1749.5(b). ¶¶25, 33-34. Defendants breached these terms by

21  unilaterally invalidating Plaintiffs' gift cards by requiring plaintiff to provide more

22  information, refusing to honor the cards, and failing to replace the invalidated gift cards

23  with valid ones. Defendants' breach has damaged Plaintiffs in the amounts they used to

24  purchase such cards, with Plaintiff Ginoza damaged in $100, and Plaintiff Meyers

25  damaged in $60. ¶¶36-37. Therefore, Plaintiffs plead actionable breach of contract claims.

26      Defendants wrongly counter that the gift cards they sell are subject to the California

27  Gift Card Law's multiple seller exception. However, as stated above, this exception does

28

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA

1    not apply to the Google Play gift cards.  *Supra* § II.  Accordingly, Defendants' motion to

2    dismiss Plaintiffs' breach of contract claims should be denied.

### C.  Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claims Are Adequately Pled

5         Given Defendants' conduct surrounding the denial of redemption of Plaintiffs'

6    cards, Plaintiffs have adequately pleaded a breach of the implied covenant of good faith

7    and fair dealing.  "Every contract imposes upon each party a duty of good faith and fair

8    dealing in its performance and its enforcement."  *Carma Devs. (Cal.), Inc. v. Marathon*

9    *Dev. California, Inc.*, 2 Cal. 4th 342, 371 (1992).  The elements required to show a

10   violation of the covenant are: "(1) the parties entered into a contract; (2) the plaintiff

11   fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's

12   performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to

13   receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's

14   conduct."  *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1145 (E.D. Cal.

15   2012).  "The covenant of good faith finds particular application in situations"—such as the

16   one here—"where one party is invested with a discretionary power affecting the rights of

17   another.  Such power must be exercised in good faith."  *Carma*, 2 Cal. 4th at 371.

18        Here, Plaintiffs each entered into a contract with Defendants that required

19   Defendants to redeem Plaintiff's gift cards.  ¶69.  The primary purpose of this contract was

20   to provide bona fide purchasers and holders of Google Play gift cards the ability to redeem

21   these cards whether they paid for the gift card themselves or were gifted the cards in good

22   faith.  *Id.*  Defendants have frustrated the primary purpose of these cards via their conduct

23   in denying redemption, including: (1) Defendants do not disclose to gift card purchasers or

24   holders that they should hold onto their receipts at the point of purchase; (2) the algorithm

25   that flags gift card redemptions then asks for this information that users may or may not

26   have; and (3) even if a consumer fully complies, the consumer is at the mercy of

27   Defendants, who can deny redemption with no other means of remedying it, obliterating

28   the value of the consumer's gift card and the benefit of Plaintiffs' bargain.  ¶¶30-34, 59,

68,70.  In so denying redemption to bona fide gift card purchasers and holders, Defendants have not acted fairly and in good faith, damaging Plaintiffs.  ¶70.  Thus, Plaintiffs' claims are adequately alleged.  *See Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1145 (E.D. Cal. 2012) (sustaining claims where defendant "effectively prevented Plaintiffs from obtaining their contractually mandated Minimum Pay" by, *inter alia*, creating a hostile environment that "discouraged Plaintiffs from pursuing and receiving their contractually promised Minimum Pay").

Defendants argue that Plaintiffs' implied covenant claims should be dismissed because they are purportedly duplicative of their breach of contract claims.  This argument ignores Defendants' conduct in denying redemption, as detailed above.  Thus, Defendants' authorities are inapposite.  *See* ECF No. 32 at 19 (citing cases where plaintiffs' implied covenant claims were duplicative of their breach of contract claims).[8]  Accordingly, Defendants' motion to dismiss this claim should be denied.

## III.    PLAINTIFFS' CLASS ACTION ALLEGATIONS SHOULD NOT BE STRICKEN

Defendants wrongly argue that Plaintiffs' class allegations should be stricken under Rule 12(f) because the allegations will require the Court to make individualized predeterminations.  As an initial matter, a motion to strike under Rule 12(f) is reserved strictly for matters that are "redundant, immaterial, impertinent, or scandalous."  Thus, "[m]otions to strike are disfavored and 'will usually be denied unless the allegations have *no possible relation* to the controversy and may cause prejudice to one of the parties." *Perez v. CitiMortgage, Inc.*, No. SACV 14-00355-DOC, 2014 WL 2609656, at *11 (C.D. Cal. June 10, 2014); *California Cap. Ins. Co. v. Maiden Reinsurance N. Am., Inc.*, 472 F. Supp. 3d 754, 761 (C.D. Cal. 2020) (same); *accord Bureerong v. Uvawas*, 922 F. Supp.

---

[8]    *See also Partti v. Palo Alto Med. Found. for Health Care, Rsch. & Educ., Inc.*, No. 5:13-CV-04742-PSG, 2015 WL 6664477, at *10 (N.D. Cal. Nov. 2, 2015) (dismissing implied covenant claims because there was no "modified employment contract," where here, there is a valid contract formed); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1401, 272 Cal. Rptr. 387 (Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001) (inapplicable because plaintiff was asserting claims based in tort).

1450, 1480 (C.D. Cal. 1996) (acknowledging the rarity of granting motions to strike, and denying Defendants' motion to strike allegations, except for prejudicial reference of defendant as a "slave sweatshop").  This is even more true for class action allegations, especially because discovery has not yet commenced in this action and Defendants' assertions regarding predominance are mere speculation.  *See, e.g.*, *In re Wal–Mart Stores, Inc.*, 505 F.Supp.2d 609, 615-16 (N.D. Cal. 2007) (denying motion to dismiss and strike class allegations before discovery or motion for class certification as "premature"); *Khorrami v. Lexmark Int'l Inc.*, No. CV 07-01671 DDP RCX, 2007 WL 8031909, at *2 (C.D. Cal. Sept. 13, 2007) (same); *Kazemi v. Payless Shoesource Inc.*, No. C 09-5142 MHP, 2010 WL 963225 at *4 (N.D. Cal. Mar. 16, 2010) (same).

Defendants' authorities are inapposite.  In *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. CV 15-00153 BRO SPX, 2015 WL 1266787, at *9 (C.D. Cal. Mar. 18, 2015), the Court highlighted that the insureds' policies would need to be evaluated, and damages would need to be evaluated under those policies.  By contrast, here the questions that predominate are simple—was the Class Member denied redemption of their gift card?  ¶¶40, 48.  Damages are even simpler—the damage is the value of the gift card.  ¶¶36, 37.  Defendants do not contest that the same gift card terms apply to each card purchaser and holder.  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) (holding that predominance was satisfied where class members "were covered by a standard warranty").  Instead, Defendants raise a myriad of questions, *i.e.*, self-serving excuses, that are irrelevant to whether Class Members are entitled the benefit of their bargain under the Terms and Conditions and California law.

As well, *Brazil v. Dell Inc.* is miscited by Defendants as standing for the proposition that the Class definition in this case requires individualized determinations that would predominate.  ECF No. 32 at 23.  In fact, the *Dell* court struck a class definition that required that court "to reach a legal determination that Dell had falsely advertised" because plaintiff's class definition expressly included those who purchased products "Dell *falsely* advertised."  585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008).  This defect is not present here,

24

1  as the Class definition includes purchasers and holders whose gift cards were denied

2  redemption, ¶40.  Thus, no legal determination such as determining falsity or whether a gift

3  card holder saw an advertisement is required here to ascertain the Class Members.

4  Defendants' remaining authorities are distinguishable.  *See Gen. Tel. Co. of Sw. v. Falcon*,

5  457 U.S. 147, 160 (1982) (the passage quoted by Defendant is dicta given that the Supreme

6  Court was determining the propriety of a class action well *after* both class certification *and*

7  trial); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (finding that, in

8  a fraud and express warranty action—claims absent here—that the class definition included

9  those who did not rely on defendants' misstatements); *Bates v. Bankers Life & Cas. Co*.,

10 993 F. Supp. 2d 1318, 1342 (D. Or. 2014) (granting motion to strike class allegations

11 because, *inter alia*, the insureds' coverage would need to be evaluated, whereas here, the

12 Terms and Conditions are standard and uniform.).

13     Accordingly, Defendants' motion to strike should be denied.

14 **IV.    ALTERNATIVELY, AMENDMENT SHOULD BE PERMITTED**

15     Rule 15(a)(2) permits Plaintiffs to amend their complaint with the Court's leave.

16 Thus, Plaintiffs respectfully request that the Court permit amendment to remedy any

17 deficiencies the Court flags.  *See Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048,

18 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that 'leave shall be freely given

19 when justice so requires.'  [Rule 15] is 'to be applied with extreme liberality.'").

20                                    **CONCLUSION**

21     For the foregoing reasons, Plaintiffs respectfully request that the Court deny

22 Defendants' Motion in its entirety.  Alternatively, Plaintiffs request leave to amend.

23 Dated: July 1, 2021                    Respectfully Submitted,

24                                    By: */s/ Richard D. McCune*

25                                        Richard D. McCune, CA Bar No. 132124
                                         rdm@mccunewright.com
26                                        David C. Wright, Esq., CA Bar No. 177468
                                         dcw@mccunewright.com
27                                        **McCune Wright Arevalo, LLP**
                                         3281 East Guasti Road, Suite 100
28                                        Ontario, CA 91761
                                         Telephone: (909) 557-1250

                                         25

Facsimile:  (909) 557-1275

Elaine S. Kusel, NJ Bar No. 319302020
(admitted *pro hac vice*)
esk@mccunewright.com
Sherief Morsy, NJ Bar No. 125042015
(admitted *pro hac vice*)
sm@mccunewright.com
**McCune Wright Arevalo, LLP**
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 888-1203
Facsimile:  (909) 557-1275

*Attorneys for Plaintiffs Henk Meyers and*
*Glenn Ginoza, and the Putative Class*

PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO DISMISS, TRANSFER VENUE, AND/OR STRIKE
Case No. 2:21-cv-01767-FMO-MAA