UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Re: Pending Motions

Having reviewed defendants' Motion to Dismiss the First Amended Complaint, Transfer Venue, and/or Strike Class Allegations (Dkt. 32, "Motion") and Motion for a Stay of Discovery (Dkt. 43, "Stay Motion"), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### BACKGROUND[1]

Plaintiffs Henk Meyers ("Meyers") and Glenn Ginoza ("Ginoza") (collectively, "plaintiffs") filed the operative First Amended Class Action Complaint (Dkt. 23, "FAC") against Alphabet, Inc. ("Alphabet"), Google, LLC ("GLLC"), Google Payment Corp. ("GPC"), and Google Arizona LLC ("GAZ") (collectively, "defendants" or "Google"), (id. at ¶¶ 11-16), alleging that Google invalidates Google Play[2] gift cards, in violation of California law. (See Dkt. 23, FAC at ¶ 1). Specifically, plaintiffs allege that Google sells "gift cards to users in over 875,000 retail locations" and "markets Google Play gift cards as a cash equivalent redeemable toward one's Google Play balance" and as "easy to redeem[,]" "never [e]xpire[,]" and can be used to "easily manage" spending on Google Play content. (Id. at ¶¶ 2, 27-28). However, contrary to Google's marketing, plaintiffs allege that "Google has erected barriers which can make card redemption difficult or even impossible." (Id. at ¶ 3). For example, in certain instances, when a cardholder attempts to redeem a gift card, he or she is "directed to fill out a form requesting detailed information about when and where the gift card was purchased, along with receipts documenting the original purchase." (Id. at ¶ 4). And even when consumers "supply all of the requested information, Google sometimes still refuses to

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

[2] "Google Play is Google's software application (a/k/a 'app') store, which allows users to download applications, electronic books, music" and other items to their mobile and computer devices. (Dkt. 23, FAC at ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

redeem or provide refunds for gift cards without explanation." (Id.). Plaintiffs believe Google's failure to honor certain Google Play gift cards is due to "an algorithm Google uses to detect suspicious gift card activity and redemptions[.]" (Id. at ¶ 5). The algorithm "snares bona fide Google Play gift card purchasers and holders in its wide net, effectively invalidating otherwise valid gift cards." (Id.) (footnote omitted).

Plaintiffs seek to represent a class comprised of "[a]ll bona fide Google Play gift card purchasers and holders who were denied redemption or replacement of their gift cards in the four-years preceding this suit to the present." (Dkt. 23, FAC at ¶ 40). Plaintiffs assert claims for: (1) violation of California's Business and Professions Code, Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. (See id. at ¶¶ 53-72).

**DISCUSSION**

I.    FORUM SELECTION CLAUSE.

Section 1404(a) of Title 28 of the United States Code [3] provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) "does not concern the issue whether and where an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience of the parties." Williams v. WinCo Foods, LLC, 2013 WL 211246, *2 (E.D. Cal. 2013).

The court weighs multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Lopez v. Chertoff, 2007 WL 2113494, *2 (N.D. Cal. 2007). "The presence of a forum-selection clause, however, changes the analysis." Karl v. Zimmer Biomet Holdings, Inc., 2018 WL 5809428, *1 (N.D. Cal. 2018). A forum-selection clause should be enforced unless the party challenging enforcement of the provision can show it is unreasonable. See M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972). Before evaluating a forum selection clause, the court must first determine whether there is a "contractually valid forum-selection clause[.]" Atl. Marine Constr. Co., Inc. v. the U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 62 n. 5, 134 S.Ct. 568, 581 n. 5 (2013); see Moretti v. Hertz Corp., 2014 WL 1410432, *2 (N.D. Cal. 2014) (noting that before engaging in analysis of forum selection clause pursuant to Atlantic Marine, a "[c]ourt must first determine whether a valid forum-selection clause exists within the subject contract"). The party seeking to enforce the forum-selection clause "bear[s] the burden of demonstrating the existence of a contract and the inclusion of the forum selection clause in that contract." Smith v. Nerium Int'l,

---

[3] All statutory citations are to Title 28 of the United States Code unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | **February 14, 2022** |
|---|---|---|---|
| Title | **Henk Meyers, et al. v. Alphabet, Inc., et al.** | | |

LLC, 2019 WL 3110027, *10 (C.D. Cal. 2019).

    Google Play gift cards are governed by the Google Play Gift Card and Prepaid Play Balance Terms of Service ("Gift Card TOS"). (See Dkt. 32, Motion at 4-5); (Dkt. 32-4, Declaration of Joseph Mills in Support of Defendants' Motion to Dismiss [] ("Mills Decl.") at ¶ 5). A Google Play gift card holder or purchaser "must click to agree to the Gift Card TOS in order to redeem (or even attempt to redeem) a Google Play gift card." (Dkt. 32-4, Mills Decl. at ¶ 6). More specifically, "[w]hen attempting to redeem a Google Play gift card, on either a desktop or mobile device, the holder or purchaser of the gift card such as the Plaintiffs must type in or scan the gift card code and click a 'Redeem' button." (Dkt. 32-4, Mills Decl. at ¶ 7). Just above the Redeem button is text stating that, "[b]y clicking Redeem, you agree to the Gift Card & Promotional Code Terms and Conditions, as applicable." (Id.). "The phrase 'Terms and Conditions' is in blue font while the other text is in black font, and the phrase is a hyperlink to the Gift Card TOS." (Id.). The Gift Card TOS states that its "terms incorporate and are subject to the Google Play Terms of Service[,]" ("Google Play TOS") and provides a hyperlink to the Google Play TOS. (Dkt. 32-4, Mills Decl. at ¶ 11); (Dkt. 32-5, Exh. C (Google Gift Card TOS) at ¶ 7). "A shortened version of the Gift Card TOS, which includes a web address to the full Gift Card TOS available online, is printed on the back of every Google Play gift card that is bought at a brick-and-mortar retail location." (Dkt. 32-4, Mills Decl. at ¶ 5).

    The Google Play TOS, (see Dkt. 32-4, Mills Decl. at ¶ 11); (Dkt. 32-6, Exh. D (Google Play TOS)), in turn, states that use of Google Play and content are subject to the Google Play TOS "and the Google Terms of Service." ("Google TOS"). (Dkt. 32-4, Mills Decl. at ¶ 12); (Dkt. 32-6, Exh. D (Google Play TOS) at ¶ 1). Clicking on the hyperlink to the Google TOS takes the user to the Google TOS, in which the forum selection clause is found toward the end of the document, under the heading, "Settling disputes, governing law, and courts[.]" (Dkt. 32-7, Exh. E (Google TOS) at ECF 277).

    Google contends that plaintiffs are bound by the forum selection clause contained in the Google TOS because the "Gift Card TOS incorporates by reference the Google TOS containing the forum selection clause." (Dkt. 32, Motion at 9). More specifically, it notes that the Gift Card TOS "clearly states that its 'terms incorporate and are subject to the Google Play Terms of Service[,]'" and "provides a hyperlink – in blue font to contrast with other text – to the incorporated Google Play TOS." (Id.). The Google Play TOS states that it is subject to the Google TOS, which is hyperlinked in blue font. (Id.). As such, Google reasons, plaintiffs are subject to the forum selection clause contained in the Google TOS. Plaintiffs contend that they did not assent to the forum selection clause at issue. (See Dkt. 33, Plaintiffs' Opposition to Defendants' Motion to Dismiss [] ("Opp.") at 8-10).

    "While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract." Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). "One such principle is the requirement that '[m]utual manifestation of assent, whether by written or spoken word or by conduct, is the touchstone of contract.'" Id. "'[A]n

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

offeree, knowing that an offer has been made to him but not knowing all of its terms, may be held to have accepted, by his conduct, whatever terms the offer contains.'" In re Holl, 925 F.3d 1076, 1083 (9th Cir. 2019) (quoting Windsor Mills, Inc. v. Collins & Aikman Corp., 25 Cal.App.3d 987, 992 (1972)). "Yet, 'an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious.'" Id. (quoting Windsor Mills, 25 Cal.App.3d at 992). However, "[t]here is no special rule . . . that an offeror of an adhesive consumer contract specifically highlight or otherwise bring [a forum selection] clause to the attention of the consumer to render the clause enforceable." Id. (citing Sanchez v. Valencia Holding Co., 61 Cal.4th 899, 914 (2015)).

Here, the court finds that Google has failed to show that plaintiffs assented to the forum selection clause. There is no evidence that plaintiffs had actual or constructive notice of the clause at the time they purchased their gift cards. See Smith, 2019 WL 3110027, at *10 (noting that defendants "bear[] the burden of demonstrating the existence of a contract and the inclusion of the forum selection clause in that contract"). According to Google, "[w]hen attempting to redeem a Google Play gift card, on either a desktop or mobile device, the holder or purchaser of the gift card such as the Plaintiffs must type in or scan the gift card code and click a 'Redeem' button[,]" (Dkt. 32-4, Mills Decl. at ¶ 7), and just above the Redeem button, is text stating: "[b]y clicking Redeem, you agree to the Gift Card & Promotional Code Terms and Conditions, as applicable." (Id.). However, Google fails to meaningfully address the undisputed fact that plaintiffs purchased their Google Play gift cards at brick-and-mortar retail establishments, i.e., Meyers purchased a $50 gift card and a $10 gift card on two separate dates at two different Speedway stores, while Ginoza purchased a $100 gift card from a CVS. (See Dkt. 23, FAC at ¶¶ 11-12); (see also Dkt. 32, Motion at 4) ("Google Play gift cards can be purchased at over 875,000 retail locations."). There is no dispute that, prior to the point of purchase, plaintiffs could not have clicked the "Redeem" button, (see Dkt. 32-4, Mills Decl. at ¶ 7) ("When attempting to redeem a Google Play gift card, on either a desktop or mobile device, the holder or purchaser of the gift card . . . must type in or scan the gift card code and click a 'Redeem' button.") (emphasis added) and, therefore, could not have agreed to abide by the Gift Card TOS at that point.[4] (See, e.g., Dkt. 32, Motion at 7) ("Plaintiffs clicked to accept the Gift Card TOS[] when they attempted to redeem their Google Play gift cards").

Google argues that under California law, "parties may validly incorporate by reference into their contract the terms of another document" provided the "reference to the incorporated document [is] clear and unequivocal and the terms of the incorporated document [are] known or easily available to the contracting parties." (Dkt. 32, Motion at 9) (quoting Slaught v. Bencomo

---

[4] It is only after a consumer has shelled out money for a gift card that he or she is presented with the Redeem button. At that point, having paid for the card, the consumer can either agree to whatever terms are presented or forego the money spent on the card. This strikes the court as wholly unfair to consumers who purchase gift cards at retail establishments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

Roofing Co., 25 Cal.App.4th 744, 748 (1994). Here, however, Google has failed to show that Google Play gift cards purchased at retail establishments include a "clear and unequivocal" reference to the Google Gift Card TOS, as Google did not provide the language included with the gift cards.[5] Instead, Google merely states that "[a] shortened version of the Gift Card TOS, which includes a web address to the full Gift Card TOS available online, is printed on the back of every Google Play gift card that is bought at a brick-and-mortar retail location." (Dkt. 32-4, Mills Decl. at ¶ 5).

Even if the Google Play gift cards that plaintiffs purchased referred – in a conspicuous manner – to the Gift Card TOS, plaintiffs still would not be bound by the forum selection clause. As an initial matter, the language above the Redeem button simply states that, "[b]y clicking Redeem, you agree to the Gift Card & Promotional Code Terms and Conditions, as applicable."[6] (Dkt. 32-4, Mills Decl. at ¶ 7). This statement would not put a reasonable consumer on notice that

---

[5] Nor did Google describe or provide the font size, the color of the terms and conditions, the website address found on the gift cards, or even any images of the cards. (See, generally, Dkt. 32-4, Mills Decl. at ¶¶ 5-7); (Dkt. 32, Motion at 7-12). Such information might have enabled the court to determine whether a reasonable consumer would have been on inquiry notice of the forum selection clause. See, e.g., Soliman v. Subway Franchisee Advertising Fund Trust, Ltd., 999 F.3d 828, 834-36 (2d Cir. 2021) (applying California law and holding that defendant failed to demonstrate that an arbitration provision would have been conspicuous to a reasonably prudent consumer because, among other things, defendant failed to provide evidence of the size of the advertisement and print, and "the reference to the URL for the website containing [the] terms and conditions was not conspicuous in the context of the entire advertisement"); see also In re Holl, 925 F.3d at 1083 ("[A]n offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious."); Sellers v. JustAnswer LLC, 73 Cal.App.5th 444, 2021 WL 6144075, *6 (2021) ("[W]hether the terms appear on a physical piece of paper or a computer screen, California law is clear – an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious.") (internal quotation marks omitted). Indeed, Google failed to address the fact that this case does not involve a true clickwrap agreement, see Nguyen, 763 F.3d at 1175-76 ("Contracts formed on the Internet come primarily in two flavors: 'clickwrap' (or 'click-through'), in which website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use; and 'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen."), or that the terms of service on the Google Play gift cards purchased at retail establishments cannot be considered clickwrap agreements.

[6] As noted above, Google did not provide any images of the Google Play Gift Cards sold at retail establishments, or screenshots of any sign-in screens. (See, generally, Dkt. 32-4, Mills Decl.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

by clicking Redeem, he or she would be agreeing to a forum selection clause found numerous hyperlinks away. As plaintiffs note, "the forum selection clause . . . was [contained within a document] three hyperlinks away from the point of [] purchase[.]" (Dkt. 33, Plaintiffs' Opposition to Defendants' Motion to Dismiss [] ("Opp.") at 9) (emphasis omitted). Indeed, the Gift Card TOS contains six hyperlinks, (see Dkt. 32-5, Gift Card TOS), and the Google Play TOS contains an additional 19 hyperlinks. (See Dkt. 32-6, Exh. D (Google Play TOS); (Dkt. 32-8, Exh. F (Google Play TOS); (Dkt. 33, Opp. at 9-10).

Relying on In re Holl, 925 F.3d 1076, Google contends that agreements requiring "multiple steps" are valid, and the fact that "there are multiple hyperlinks in the Gift Card TOS and the Google Play TOS does not demonstrate that Google's forum selection clause in invalid." (Dkt. 34, Reply at 4). However, the Ninth Circuit in In re Holl, was reviewing, via a petition for writ of mandamus, a district court order granting a defendant's motion to compel arbitration based on a disputed arbitration provision. See 925 F.3d at 1079. After explaining that "[m]andamus is an extraordinary remedy" that is invoked in "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion[,]" id. at 1082, the Ninth Circuit merely held that the district court's order was "not clearly erroneous as a matter of law[.]" Id. at 1083 (internal quotation marks omitted). This decision was far from an endorsement of serial click-through agreements. Moreover, the decision involved a true clickwrap agreement where the consumer was required to click a separate box affirmatively indicating assent to the hyperlinked agreement and terms of service and then click a separate "Continue" button. Id. at 1080 (screenshot image of enrollment page). Here, even according to the description provided by Google, a consumer did not need to click a box indicating assent to any terms. Rather, assenting was indicated merely by the consumer's attempt to redeem an already-paid-for-gift card by hitting a Redeem button.[7]

---

[7] As noted above, even after clicking Redeem, the forum selection clause was buried several hyperlinks away. Google contends that "[m]ultiple courts have found in similar circumstances that Google's 'clickwrap' agreements and the forum selection clauses contained or incorporated therein are enforceable." (Dkt. 32, Motion at 10). However, the cases Google cites are inapposite because the plaintiffs either clicked a box affirmatively agreeing to the relevant terms and conditions or conceded that they agreed to the forum selection clause at issue. See, e.g., Feldman v. Google, Inc., 513 F.Supp.2d 229, 237 (E.D. Pa. 2007) (Plaintiff, a lawyer, "had to take affirmative action and click the 'Yes, I agree to the above terms and conditions' button in order to proceed to the next step. Clicking 'Continue' without clicking the 'Yes' button would have returned the [plaintiff] to the same webpage. If the [plaintiff] did not agree to all of the terms, he could not have activated his account, placed ads, or incurred charges."); Rudgayzer v. Google, Inc., 986 F.Supp.2d 151, 154 (E.D.N.Y. 2013), order withdrawn 2014 WL 12676233 (E.D.N.Y. 2014) (noting that plaintiffs did "not contest that they agreed to the forum-selection clause"); Rojas-Lozano v. Google, Inc., 2015 WL 4779245, *2 (D. Mass 2015) (explaining that "the webpage require[d] the user to click a box stating 'I agree to the Google Terms of Service and Privacy Policy' before the user [could] click 'Next step' to continue the signup process").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | February 14, 2022 |
|---|---|---|---|
| Title | Henk Meyers, et al. v. Alphabet, Inc., et al. | | |

Finally, Google contends that plaintiffs are bound by the forum selection clause because they previously accepted the Google Play TOS or the Google TOS. (See Dkt. 32, Motion at 10). However, Google has not pointed the court to the specific language in those terms of service that specifically refers to Google Play gift cards. (See, generally, id.). In any event, Google has failed to show how previously agreeing to the Google Play TOS or Google TOS would put a reasonable consumer on notice that imbedded terms in those agreements would apply to later-purchased gift cards from retail establishments. This is particularly so since Google has failed to provide the specific language found on such gift cards or images of the cards.

II.    MOTION TO DISMISS.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant Google's Motion and dismiss plaintiffs' FAC, (Dkt. 23), with leave to amend. In preparing the Second Amended Complaint, plaintiffs shall carefully evaluate the contentions set forth in Google's Motion, particularly as to the contention that Google Play gift cards are exempt from the requirements of California's Gift Certificate Law, Cal. Civ. Code §§ 1749.45, et seq.

**CONCLUSION**

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.    Defendants' Motion to Dismiss the First Amended Complaint, Transfer Venue, and/or Strike Class Allegations **(Document No. 32)** is **granted in part** and **denied in part**. The Motion is denied as to transfer or dismissal based on the forum selection clause. The Motion is granted in all other respects.

2.    The FAC **(Document No. 23)** is **dismissed with leave to amend**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1767 FMO (MAAx) | Date | **February 14, 2022** |
|---|---|---|---|
| Title | **Henk Meyers, et al. v. Alphabet, Inc., et al.** | | |

3. If plaintiffs still wish to pursue this action, they are granted until **March 7, 2022**, to file a second amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in Google's Motion. The court expects that Google will agree to any amendments that will or attempt to cure the alleged defects.

4. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

5. Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file their Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 21, 2022**.

7. In the event defendants wish to file another motion to dismiss, then counsel for the parties shall, on **March 14, 2022, at 10:00 a.m.**[8] meet and confer either in person or via video-conference to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

8. Defendants' Motion for a Stay of Discovery **(Document No. 43)** is **denied**. (See Dkt. 39, Court's Order of August 26, 2021, at 2).

Initials of Preparer      gga

---

[8] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.